[Civil No. 3403.  Filed July 2, 1934.]

[34 Pac. (2d) 400.]

SALT RIVER VALLEY WATER USERS' ASSOCIATION, a Corporation, Appellant, v. C. A. STEWART, Appellee.

Messrs. Sloan, McKesson & Scott, for Appellant.

Messrs. Hayes, Stanford, Walton, Allee & Williams, for Appellee.

ROSS, C. J.—This is an appeal from a judgment in an action brought by C. A. Stewart against the Salt River Valley Water Users' Association, a corporation, to recover damages for alleged injuries to the plaintiff's land and crops caused by flooding his premises through an irrigation ditch constructed and maintained by the defendant. The cause was tried to the court without a jury, and resulted in a verdict and judgment in favor of the plaintiff. Defendant has appealed.

Contending that the complaint failed to state a cause of action, defendant demurred to the complaint and also interposed a general denial.

Its first assignment is directed to the order overruling its general demurrer. It contends that there is no averment "that the negligence complained of was the proximate cause of the injuries set forth and pleaded."

In substance, the allegations of the complaint are as follows: That the Yuma Road extends east and west along the north boundary line of the premises; that on the north side of said road defendant maintains a waste ditch used by it for the purpose of carrying off waste and overflow water from lands in the vicinity; that on the south side of said road defendant maintains, as part of its distributing system, a large canal known as the Salt Canal; that the water for use on plaintiff's lands was taken from a lateral north of his premises and conveyed to his premises

over said waste ditch and under said. road and over
the Salt Canal through a metal flume, and that, in
addition to serving his premises, was used for carry-
ing irrigating water for certain lands adjacent
thereto and for carrying certain waste water from
lands adjacent thereto. Then follows this allegation
of negligence:

"That at times large quantities of waste water
were discharged into said irrigation ditch and prior
to 1928 a wooden flume was in use as same crossed
said waste ditch, road and canal, with necessary and
suitable appliances to cut off and take said waste
water out of said flume into the said large waste
ditch. But that, in the year 1928, the defendant re-
placed said wooden flume with a metal flume and
negligently and carelessly failed and refused to attach
or construct therewith any appliance, gate or cut-off
arrangement whereby waste waters coming into said
flume might be deflected and prevented from coming
upon and overflowing plaintiff's lands.

"That in the fall of the year 1931, this plaintiff had
a portion of the above described land planted to
lettuce, to wit, thirty acres in the northwest corner
of said tract, and on the night of October 20th of said
year, at about ten o'clock P. M., a flood of waste
waters came into the defendant's said flume, and as
a result of and on account of the carelessness and
neglect of the defendant in failing and refusing to
provide in said new flume an arrangement or cut-off
to deflect said waste water, all of same proceeded
through said flume and on to this plaintiff's land and
said lettuce crop planted thereon."

The negligence alleged is the failure of defendant
to provide proper and adequate means of diverting
water in excess of his needs that got into his ditch
above his land, and thereby allowing such excess to
run onto his lands and flood them.

It is said in 67 Corpus Juris 1423, § 1095:

"The owner of an irrigating ditch or canal, being
bound to exercise reasonable care and prudence in

the construction and management of the same, is ordinarily liable in damages for injuries resulting from the breaking, leakage, or overflow of such canal or ditch when caused by the want of the required care . . . ''

The rule of care imposed upon an irrigation canal or ditch owner is that required of an ordinarily prudent person. That the flume was defective, in that no provision was made to prevent unneeded and excessive water from running upon plaintiff's lands, seems quite conclusive. The flume that was destroyed was equipped with means to deflect the water into the waste ditch; the one built to take its place, according to the complaint, was not so equipped; a violation of a plain duty.

It is said in *Howell* v. *Big Horn Basin Colonization Co.*, 14 Wyo. 14, 81 Pac. 785, 790, 1 L. R. A. (N. S.) 596:

''The well-settled rule is that the owner of an irrigating ditch is bound to exercise reasonable care and skill to prevent injury to other persons from such ditch, and he will be liable for all damages occurring to others as a result of his negligence or unskillfulness in constructing, maintaining, or operating the ditch.''

This rule is stated in *Ketcham* v. *Modesto Irr. Dist.*, 135 Cal. App. 180, 26 Pac. (2d) 876, 878, as follows:

''The ordinary rule is that an irrigation district is bound to exercise reasonable care in the construction and maintenance of its ditches and canals, and when property is injured by seepage or flooding due to faulty construction or negligent maintenance of an irrigation ditch or canal, the irrigation district is liable for the resulting damage.''

We think the complaint shows defendant did not exercise reasonable care and skill in the construction and equipment of the flume, and that by reason

thereof plaintiff's lands were flooded. The complaint is good as against a general demurrer.

It is next contended the evidence does not support the allegations of the complaint, in that it is alleged that the waters that flowed onto plaintiff's lands and flooded them were waste waters, and the evidence shows it was irrigation waters that escaped from another ditch into plaintiff's ditch and flooded the premises. We think this is an immaterial variance. It makes no difference which kind it was, whether waste or irrigation water; the material thing being that more water was cast on lands by reason of defective construction and equipment of flume than should have reached them, thereby causing the injuries complained of.

No question is made of the amount of the damages or the sufficiency of the evidence to support them, and we do not go into that feature of the case.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.