555 P.2d 1141
**Rodney CROWE and Wilma Burnett Crowe, Appellants,**
v.
**Frank F. MILLER and Mabel Mercer Miller, Appellees.**
**No. I CA–CIV 2951.**

Court of Appeals of Arizona,
Division 1.
Oct. 21, 1976.

Harold E. Mott, Phoenix, for appellants.

Marks & Marks, by Philip J. Shea, Phoenix, for appellees.

## OPINION

KRUCKER, Judge.

The sole point on appeal is whether the trial court erred in granting appellees-defendants' motion for a new trial. We see no error and affirm.

The facts of the case were outlined in the hundreds of pages of testimony, but only a brief rendition is necessary for the purpose of deciding this appeal. Appellants built a house on a lot in Paradise Valley, Arizona, adjoining appellees' property. In constructing the home it was necessary to cut into the rise in land on the side of the property where appellees' home was located. Water began seeping from the area near the cut and collected on appellants' land. This condition provoked letters by appellants to the Maricopa County Health Department which sent people to observe and test the seepage. The Department asked appellees to correct the situation. Appellees hired an expert to analyze the situation as did appellants. The dispute finally was litigated and a jury awarded appellants $20,000 in special damages and $18,000 in punitive damages. Appellees moved for a new trial and the court granted the motion on five grounds:

1. The court erroneously refused to give defendants' proposed instruction as to applicable law of water trespass.

2. The verdict is the result of passion or prejudice.

3. The verdict is not justified by the evidence and the damages are excessive.

4. The court erred in refusing to let defendant testify as to his attempts to solve the problem complained of by plaintiff over the years when the court then instructed on punitive damages.

5. It came to the court's attention subsequent to the rendition of the verdict and discharge of the jury that the jury did not have all of the exhibits received in evidence in the jury room during their deliberations and that one exhibit was, through the court's negligence, improperly kept from the jury.

■ We recognize that the granting or denying a motion for a new trial rests particularly within the sound discretion of the trial court and we will not reverse such an order unless there is a clear abuse of discretion. *Yoo Thun Lim v. Crespin,* 100 Ariz. 80, 411 P.2d 809 (1966); *Aegerter v. Duncan,* 7 Ariz.App. 239, 437 P.2d 991 (1968); *Pacific Guano Company v. Pinal County Land Company,* 1 Ariz.App. 34, 399 P.2d 122 (1965). It is also well-established that where more than one basis is given by the trial court as foundation for its granting a new trial, it only takes one to be correct for the appellate court to uphold the trial court's action. *State of Arizona v. White,* 56 Ariz. 189, 106 P.2d 508 (1940); *State v. Turner,* 92 Ariz. 214, 375 P.2d 567 (1962).

■ In addition, it was said in *General Petroleum Corp. v. Barker,* 77 Ariz. 235, 269 P.2d 729 (1954) that:

" . . . A motion for new trial upon the ground the verdict is against the weight of the evidence, is addressed to the sound discretion of the trial court, and in ruling thereon the trial court may weigh the evidence. Upon appeal, the order granting a new trial will be upset where it is affirmatively shown the order is unreasonable and a manifest abuse of discretion under the state of the record and the circumstances of the case." 77 Ariz. at 244, 269 P.2d at 735.

This doctrine was elaborated upon in *Smith v. Moroney,* 79 Ariz. 35, 282 P.2d 470 (1955) where the Supreme Court stated:

"We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion." 79 Ariz. at 39, 282 P.2d at 472.

To the same effect are *Heaton v. Waters,* 8 Ariz.App. 256, 445 P.2d 458 (1968), and *Pinewood Development Company v. Truman,* 20 Ariz.App. 544, 514 P.2d 497 (1973).

■ The test to be used, then, is whether the evidence clearly demonstrates that the trial court erred in granting a new trial on the basis that the verdict is not justified by the evidence. The voluminous transcript shows conflict after conflict in the evidence as to where the seepage came from, whether it was indeed sewage or not, and what facts caused the seepage to occur. We cannot say the evidence is clearly in favor of appellants and therefore will not interfere with the trial court's order.

We must also comment further on the other four grounds. If this case is tried again, Ground No. 2 may or may not occur; that is beyond our control. Ground No. 5, the missing exhibit, hopefully will not occur again. However, we must deal with Grounds 1 and 4 since they conceivably will arise in another trial of this cause.

Appellees offered the following instruction, which was refused:

"One cannot be held liable for causing water, which he has used for lawful purposes, to be discharged into the ground on his property. This is true even though such water may seep underground and into the property of a neighboring landowner. Accordingly, if the

neighboring landowner digs into the ground for any purpose, and thereby intercepts seeping water, it is he and not the one who discharged the water into the ground who must deal with any problem caused by the seepage."

█ Suffice it to say that our research has been exhaustive and we have found, as have appellants, that a case involving similar facts does not exist. The cases with damage occurring from water seepage are in the context of the excavating party causing damage to the adjoining landowner and not, as here, to his own property. There are cases stemming from *Rylands v. Fletcher*, L.R. 3 H.L. 330 (1868) holding the defendant strictly liable for damage caused by water escaping from his mill pond. *Salt River Val. W. U. Assn. v. Stewart*, 44 Ariz. 119, 34 P.2d 400 (1934) found liability on the part of one who allowed water to escape from an artificial irrigation ditch on a negligence theory. We think this case belies the accuracy of the requested instruction even though the situation is different. In *Stewart* our Supreme Court said, quoting 67 Corpus Juris 1423 Sec. 1095, that an owner of an irrigation ditch or canal, being bound to exercise reasonable care and prudence in the construction and management of the same, is liable for injuries resulting from breaking, leakage or overflow of the canal or ditch caused by negligence. It would appear, then, that the requested instruction, in foreclosing liability for the discharge of water into the ground is not a correct statement of the law, as incomplete as that law is at the present time, and we believe the court's refusal to give such an instruction was correct.

As to the ground involving the court's alleged refusal to allow appellees to testify regarding their efforts to correct the situation in light of the court's instructing on punitive damages, appellants do not dispute appellees' right to introduce such testimony, but rather claim they did so. Therefore, we do not believe this ground would arise again in a new trial since appellants correctly raise no argument to the introduction of such mitigation efforts.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).