139 Ariz. 362 (1984)
678 P.2d 943
Virgil Lee EVANS and Mary Evans, his wife, Plaintiffs-Appellants,
v.
William (Bill) ARTHUR and Jane Doe Arthur, his wife, individually and d/b/a Arthur Associates and d/b/a Palm Terrace Apartments, Defendants-Appellees.
No. 17292-PR.
Supreme Court of Arizona, En Banc.
February 27, 1984.
Peter T. Van Baalen, Phoenix, for plaintiffs-appellants.
Gallagher & Kennedy by Michael L. Gallagher, Phillip E. Broadbent, John L. Dillingham, Carrie P. Withey, Phoenix, for defendants-appellees.
FELDMAN, Justice.
Mr. & Mrs. Evans (plaintiffs), are the plaintiffs in a pending personal injury action filed in the Superior Court of Maricopa County. They petition this court to review the memorandum decision of the court of appeals (Evans v. Arthur, No. 1CA-CIV 6152, filed 10/13/83), which affirmed an order setting aside default judgment entered against Mr. & Mrs. Arthur (defendants), the defendants in the personal injury action. That order was entered by the trial court pursuant to Rule 60(c)(6), Arizona Rules of Civil Procedure, 16A A.R.S., on motion filed by defendants' insurance carrier, which claimed it had not had notice of the filing of the action and, as a result, had not fulfilled its policy obligation to appear and defend the action.
*363 We granted review because the manner by which the case reached this court illustrates a serious problem with respect to the performance of the bar so that we believe our duty to the public requires that the case be resolved with more than a mere denial of the petition for review. We have jurisdiction pursuant to Rule 23, Ariz.R.Civ.App.P., 17A A.R.S.
In its memorandum opinion, the court of appeals correctly noted that Arizona law has long recognized the independent standing of an insurance carrier to appear and move to set aside a default judgment entered against its insured where it is able to satisfy the requirements of Rule 60(c). Union Oil Co. v. Hudson Oil Co., 131 Ariz. 285, 640 P.2d 847 (1982); Koven v. Saberdyne Systems, Inc. 128 Ariz. 318, 321, 625 P.2d 907 (App. 1980). Correctly analyzing our decision in Webb v. Erickson, 134 Ariz. 182, 655 P.2d 6 (1982), the court of appeals held that the trial court had not abused its discretion in setting aside default judgment. After the opinion of the court of appeals was filed, plaintiffs' counsel moved for reconsideration. That motion primarily raised various factual matters. The only argument of law presented was the contention that a rule permitting insurers to move to set aside default judgment violates the constitution because it "... discriminates against those persons who do not have insurance and is a denial of equal protection of the law, because persons who do not have insurance are [thereby] denied the same protection of the law as those persons who do have insurance." Motion for Rehearing, p. 6 (emphasis in original). No support is cited for this proposition. The court of appeals denied the motion without comment.
Plaintiffs' counsel then brought the constitutional claim to this court by petition for review filed "pursuant to Supreme Court Rule 47(b)...." That petition for review is improper for a variety of reasons. These are:
1. Under Rule 47(b) of the Rules of the Supreme Court, 17A A.R.S., the effect of such a petition would have been to submit only the issues raised on the motion for rehearing previously filed in the court of appeal. On the facts of this case those issues were frivolous[1] when submitted to the court of appeals and are no more substantial when submitted to this court.
2. In filing a petition for review pursuant to Rule 47(b), supra, plaintiffs' counsel has overlooked the following important procedural considerations:
a) Rule 47(b), Rules of the Supreme Court was abrogated (insofar as applicable to civil appeals), effective January 1, 1978. Such abrogation is of record in the office of the clerk of this court, is explicitly noted in the supplement to Volume 17A of the Arizona Revised Statutes, and has been shown in every issue of the "Desk Copy" volume of the Arizona Rules of Court.
b) Effective January 1, 1978 civil appeals were governed by the Arizona Rules of Civil Appellate Procedure, 17A A.R.S. Specifically, petition for review was governed by ARCAP Rule 23. While original ARCAP Rule 23 did not differ materially from Supreme Court Rule 47(b), ARCAP Rule 23 was substantially revised on April 28, 1983, effective as of September 1, 1983.
c) Thus, review in this case was controlled by the revised ARCAP Rule 23, which transformed the procedure in a very fundamental manner. Under the old Rule 23 the court determined whether to grant review by considering the opinion of the court of appeals, together with the motion for rehearing and opposition thereto filed in that court. No argument of fact or law was permitted in support of the petition for review. Under the present version of Rule 23 the procedure followed is similar to a petition for certiorari; petitioner is required to summarize the opinion of the *364 court of appeals, characterize the issues presented, state the reasons that require this court to accept review, state the facts and make an argument of law in support of the petition. The petition filed by plaintiffs' counsel in the case at bench complies with none of the requirements of revised ARCAP Rule 23. The petition was filed on November 29, 1983, seven months after adoption of the new rule and three months after it went into effect.
d) Since the revisions to the ARCAP Rules were fundamental, information regarding the change received considerable publicity among members of the bar. Extensive comments on the revisions of Rule 23 were published in 1 Arizona Appellate Handbook § 3.14 (1983). (The handbook is a practical guide to appellate procedure, published by the Appellate Handbook Committee of the State Bar as a part of the bar's continuing legal education activities.) The bar presented at least two seminars and a convention program devoted to discussions regarding the changes in the rules, the reasons for those changes and the procedures to be followed in the future. Announcements of the seminars were mailed to all members of the bar and were published. For those who chose not to participate in continuing legal education, to read bar publications, nor to purchase practice aids such as the Appellate Handbook, it was possible  in fact, required  that information concerning amendments to statutes and rules be obtained by consulting the pocket parts and other supplements to the Arizona Revised Statutes. The complete text of the ARCAP revisions, with committee notes, appeared in the supplements mailed to all lawyers in August, 1983.
All this seems to have eluded plaintiffs' counsel in the case at bench. As a result, a frivolous position asserted in the court of appeals was brought to this court. The revision of Rule 23 was designed to expedite the appellate process, to discourage the filing of petitions for review on insubstantial issues and to allow the court to direct its attention to serious issues. Thus, even if the petition for review had been filed under the proper rule, the submission of the equal protection issue would indicate a serious lack of concern for the proper operation of the judicial system and the true functions of counsel. Counsel is neither required, expected nor allowed to submit every issue, no matter how frivolous, to any court, let alone that of last resort. See Comment to Amended ARCAP Rule 23;[2] ABA, Standards Relating to Appellate Courts, § 3.41, and Commentary. Some discretion and judgment is required or we shall all sink in a mass of paper, taking the important matters with the trivial. The combination of frivolous issue and improper procedure present here indicates more than poor judgment by the lawyer. It demonstrates, also, failure to keep abreast of new developments in the law and a cavalier approach to the obligations of counsel.
The easy answer to the problem presented by this case would have been to deny the petition for review without comment. We have done that with others which have been filed with apparent lack of knowledge of the amendments to Rule 23 or lack of concern for their meaning. This case, however, is an extreme example and compels further comment. In taking this position, we realize that it is somewhat harsh to pick one case and one lawyer when other lawyers have been equally remiss. However, a start must be made someplace. We do not make a judgment of counsel's general competency. We only conclude that the performance in this case was below the level required in the courts of this state.
We have a responsibility to see that lawyers conform to an acceptable, minimal level of competency and performance. We owe this responsibility to the judiciary, the bar and, more importantly, to the litigants *365 and the people as a whole. If we were to tolerate what has occurred here, we would simply invite continuation of such methods, and would discourage those lawyers who keep their skills sharp, render good service to their clients and good work to the courts. See, DR 6-101(A)(2), Rules of the Supreme Court, Rule 29(a), 17A A.R.S., see, also, EC 6-1, 6-2, 6-5, ABA Model Code of Professional Responsibility. To tolerate what has occurred here would also penalize the defendants' insurance carrier, which has retained counsel and incurred fees for counsel's services in the court of appeals and this court. These expenses should never have been needed or incurred.
Not only have we a responsibility to address these problems, but we have power so to do. Rule 25, Arizona Rules of Civil Appellate Procedure, 17A A.R.S., provides as follows:
Sanctions for delay or other infractions.
Where the appeal is frivolous or taken solely for the purpose of delay, or where a motion is frivolous..., or where any party has been guilty of an unreasonable infraction of these rules, the appellate court may impose upon the offending attorneys or parties such reasonable penalties or damages (including contempt, withholding or imposing of costs, or imposing of attorneys' fees) as the circumstances of the case and the discouragement of like conduct in the future may require.
We deem "the discouragement of like conduct in the future" of paramount importance. Accordingly, it is ordered that counsel for the insurance carrier shall apply for allowance of fees for services rendered in connection with the Motion for Reconsideration in the court of appeals and all services in this court. When approved by this court, those fees shall be charged against plaintiffs' counsel. It is further ordered that plaintiffs' counsel shall pay such charges personally, and shall neither charge them to his client nor against any funds which may belong to his client. Defense counsel shall inform this court in the event the fees allowed are not paid as ordered.
The opinion of the court of appeals is approved. The judgment of the trial court is affirmed.
HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.
NOTES
[1] A frivolous issue on appeal is one that "indisputably has no merit  when any reasonable attorney would agree that the appeal is totally and completely without merit." Price v. Price, 134 Ariz. 112, 114, 654 P.2d 46, 48 (App. 1982) (quoting In re Marriage of Flaherty, 31 Cal.3d 637, 650, 183 Cal. Rptr. 508, 516, 646 P.2d 179, 187 (1982).
[2] "The 1983 amendments to Rule 23 contemplate that review will not be sought as a matter of course. Review procedure is intended for those cases in which there is a tenable claim involving substantial issues of law or procedure, or in which serious injustice is claimed to have occurred."