713 P.2d 347

**Virginia B. GARCIA,
Plaintiff-Appellant,**

v.

**STATE of Arizona, Defendant-Appellee.**

**No. 1 CA–CIV 8339.**

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 16, 1986.

Ratner & Walsh by Michelle Ratner, Flagstaff, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Janet Margrave, Mark N. Weingart, Asst. Attys. Gen., Phoenix, for defendant-appellee.

EUBANK, Judge.

The plaintiff-appellant appeals from a judgment in favor of the defendant-appel-

lee, striking her second motion to set her case for trial and dismissing the case without prejudice for lack of prosecution because of her failure to comply with Rule V, Arizona Uniform Rules of Practice of the Superior Court (Rule V). Rule V applies to civil cases in Maricopa County. Rule 3.4, Superior Court Local Rules, Maricopa County. We affirm the judgment.

On October 15, 1984, appellant's original counsel simultaneously filed a list of witnesses and exhibits and a motion to set and certificate of readiness purportedly in compliance with Rule V. Appellee moved to strike the motion because it did not comply with Rule V. The trial court agreed and granted appellee's motion to strike. The cause, however, was continued on the inactive calendar (until December 4, 1984) to be dismissed unless a proper motion to set was timely filed. Appellant then substituted current counsel for her original counsel. On December 10, 1984, current counsel filed a second motion to set without first having filed a new list of witnesses and exhibits. Again, appellee moved to strike the motion to set and to dismiss the action for failure to comply with Rule V. The trial court again granted appellee's motion to strike and this time dismissed the case without prejudice. Prior to entry of the formal judgment, on February 6, 1985, appellant filed timely motions to set aside the judgment and for a new trial. Both motions were denied and appellant appeals from the judgment to this court.

Appellant raises three issues on appeal:

1. Whether the trial court ruled correctly in striking either of the appellant's motions to set. (As stated in the brief).

2. Whether the trial court ruled properly in dismissing the action.

3. Whether the trial court ruled correctly in refusing to grant appellant's motion to set aside the judgment and motion for a new trial.

The first two issues deal with the same action of the trial court in applying Rule V and will be discussed together.

Rule V(a), reads in part:

[T]he following procedure shall govern the filing of a Motion to Set and Certificate of Readiness:

(1) *A party* intending to file a Motion to Set and Certificate of Readiness *shall first file a list of witnesses and exhibits* intended to be used at trial other than those to be used solely for impeachment;

(2) Within *20 days after service of such list,* all other parties shall also file a list of their witnesses and exhibits intended to be used at trial other than those to be used solely for impeachment;

(3) Within the *ten days after* the expiration of the time provided for filing the other parties' lists, but not earlier, any party may file a Motion to Set and Certificate of Readiness. (Emphasis added).

■ Clearly, Rule V requires each party to file a list of witnesses and exhibits *prior* to filing the motion to set and within the time parameters specified. Appellant's first counsel disregarded this rule by filing both the original motion to set and list of witnesses and exhibits simultaneously. This act interrupted the procedural system designed by the Supreme Court in Rule V for speedier disposition of civil cases. Therefore, the trial court correctly struck the first motion to set and properly continued the matter on the inactive calendar for dismissal, "unless prior thereto a proper Motion to Set and Certificate of Readiness is filed."

■ As noted above, appellant's new counsel also filed a motion to set without complying with Rule V. Rule V(a), *id.,* also states:

If a Motion to Set and Certificate of Readiness is not filed within the ten-day period, or for any reason is stricken, the lists of witnesses and exhibits shall not be final, and *no Motion to Set and Certificate of Readiness shall be filed thereafter without compliance again with the procedure for listing witnesses and exhibits* set forth in this Rule. (Emphasis added).

This part of Rule V provides that if the first motion to set is either not filed on time, "or for any reason is stricken," another complete list of witnesses and exhibits must be filed before a new motion to set can be filed. The appellant's current counsel ignored this part of Rule V by filing a second motion to set without previously having filed a second list of witnesses and exhibits. Thus, when appellee's motion to strike and dismiss was filed, the trial judge properly struck this second motion to set. The court also properly dismissed the case without prejudice for lack of prosecution because the time constraints of Rule V(e)(1) were not met.

The appellant contends in her third issue that the trial court's denial of the motion to set aside judgment and motion for new trial was improper. The appellant raises several considerations in support of her argument: that the appellee would not be prejudiced by setting aside the judgment, that appellant basically complied with the Uniform Rules of Practice by contacting the defendant to discuss the identity of witnesses to be called, that appellant was prepared to go to trial, that negotiations between the parties were continuing, and that the dismissal of the action was unduly harsh considering there was a misinterpretation on counsel's part involving the rules. We disagree.

The denial of the motion to set aside the judgment and denial of a new trial are matters within the sound discretion of the trial court and this discretion will not be disturbed by this court absent a clear showing of abuse. *See Staffco Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 595 P.2d 31 (1979) (addressing Rule 60(c)); *see also Crowe v. Miller*, 27 Ariz.App. 453, 555 P.2d 1141 (1976) (addressing Rule 59(a)).

On February 15, 1985 the trial judge heard and considered the motions of appellant's counsel and the reasons for failure to file a proper list of witnesses and exhibits prior to filing the motion to set. After considering the matter, the judge denied relief, which was within his discretion to do. None of the reasons presented by appellant's counsel, viewed either singularly or in toto, would require a finding by us that the trial judge abused his discretion. *See, e.g., Bickerstaff v. Denny's Restaurant, Inc.*, 141 Ariz. 629, 688 P.2d 637 (1984). Counsel's misunderstanding or misinterpretation of the rules of procedure is not the type of legal excuse contemplated by Rule 60(c), Arizona Rules of Civil Procedure. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984). Therefore, we affirm the trial court's denial of the motions. In passing this issue, we merely state that the rules of procedure were enacted by the Supreme Court to govern the procedure in the trial court. *See Evans v. Arthur*, 139 Ariz. 362, 678 P.2d 943 (1984). We cannot and will not disregard them, and neither should counsel. *See Clemens v. Industrial Commission*, 139 Ariz. 486, 679 P.2d 509 (1984).

We affirm the judgment of the trial court.

KLEINSCHMIDT, P.J., and CORCORAN, J., concur.