764 P.2d 30

**ELOY INDUSTRIAL ENGINES, Richard Damron and Mary Jane Damron, his wife; Clyde Gobea and Dora Gobea, his wife, Plaintiffs/Counterdefendants/Appellants,**

v.

**R.B. ENTERPRISES, Rob Zeidler, Defendants/Counterclaimants/Appellees.**

No. 2 CA–CV 88–0156.

Court of Appeals of Arizona, Division 2, Department A.

May 24, 1988.

Review Denied Nov. 22, 1988.

Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

---

Richard La Paglia, Eloy, for plaintiffs/counterdefendants/appellants.

Minkler & Kirschbaum by Joel R. Kirschbaum, Phoenix, for defendants/counterclaimants/appellees.

## OPINION

HOWARD, Presiding Judge.

In this case we are presented with a question which was left unanswered in *Ace Automotive Products, Inc. v. Van Duyne*, 156 Ariz. 140, 750 P.2d 898 (App.1987). The question is this: when a person fails to timely file a list of witnesses and exhibits as required by Rule V(a), Uniform Rules of Practice of the Arizona Superior Courts, does the trial court abuse its discretion when it refuses to allow that party to present the testimony of witnesses which have been listed by the other party on its own list of witnesses filed pursuant to the rule? We hold that it does.

On June 24, 1985, appellants sued appellees for breach of contract. Appellees counterclaimed for breach of contract, breach of warranty, fraud and conversion.

The complaint was originally filed in Pinal County, but venue was changed to Maricopa County. On August 1, 1986, more than one year after the filing of the complaint, and before discovery had been undertaken by the appellants, the trial court ordered the matter placed on the inactive calendar as of September 2, 1986, unless a proper motion to set and certificate of readiness was filed or a final judgment was entered by November 3. The minute entry contained the following statement:

"(A proper motion to set and certificate of readiness cannot be filed without adherence to the schedule for the listing of witnesses and exhibits required by Rule 5(a), Uniform Rules of Practice.)"

The minute entry further stated:

"NOTE: If a party desires to avoid dismissal by continuing the case on the Inactive Calendar pursuant to Rule 5(e)(2), Uniform Rules of Practice, such motion must demonstrate good cause for the continuance *and* be granted prior to the dismissal date above."

On September 3, 1986, the appellees filed a list of witnesses and exhibits and served them on appellants' counsel. The list stated on its face that it was done "pursuant to Rule V, Uniform Rules of Practice."

On September 29, the appellees filed a motion to set and certificate of readiness which included a statement that it had filed a list of witnesses and exhibits as required by the rules, but that no list had been submitted by the appellants. On November 3, the court set the matter for trial on March 11, 1987, and required a joint pretrial statement to be filed. It was only after the minute entry setting the trial that the appellants undertook any discovery.

On March 4, 1987, at the pretrial conference, appellants' counsel was orally informed by the appellees' counsel of appellees' intention to present motions in limine essentially requesting the court to bar the introduction of appellants' witnesses and exhibits for failure to comply with Rule V(a). Two days later, appellees' attorney did serve the motion in limine. On March 6, and only three judicial days before the

date of trial, the appellants belatedly submitted a list of witnesses and exhibits.

In the meantime, on March 4, the parties entered into a joint pretrial statement which was reduced to writing and filed with the court on March 9. The statement included a memorialization of the oral notice given at the pretrial conference that appellees objected to the testimony of all witnesses listed by the appellants for failure to comply with Rule V.

No written response to the motions in limine was ever served or filed by appellants. The motions in limine were heard by the trial court on March 11 prior to trial. The appellees' motion to bar introduction of witnesses and exhibits for appellants' failure to comply with Rule V was granted, save for appellants' right to introduce impeachment evidence, and the court dismissed the complaint without prejudice for lack of prosecution. The appellants objected to the trial court's order dismissing the complaint and barring introduction of witnesses and requested the court to at least permit appellants Richard Damron and Clyde Gobea to testify at trial on the counterclaim, since these individuals had been listed as witnesses by appellees. The trial court refused to allow them to testify. The trial on the counterclaim went forward, and appellees were awarded judgment in the amount of $54,891.60 for direct and consequential damages, $1,000 for exemplary damages, and $15,439.94 for attorney's fees.

Rule V(a) reads in part:

"[T]he following procedure shall govern the filing of a Motion to Set and Certificate of Readiness:

(1) A party intending to file a Motion to Set and Certificate of Readiness shall first file a list of witnesses and exhibits intended to be used at trial other than those to be used solely for impeachment;

\*     \*     \*     \*     \*     \*

No exhibits or witnesses shall be used at trial other than those listed in accordance with this Rule, except for good cause shown or upon written agreement of the parties."

The appellants are not contesting the dismissal of their complaint in this case, but merely the trial court's refusal to allow the individual appellants who were listed on appellees' exhibit list to testify at the trial of the counterclaim.

There is no disagreement that the testimony of these individual appellants was essential to any defense on the counterclaim. The purpose of Rule V is to provide for a speedier disposition in civil cases. *Garcia v. State*, 148 Ariz. 146, 713 P.2d 347 (1986). We specifically note that the state bar committee, in its notes to the 1983 and 1984 amendment, states:

"Consistent with Rule 1, Ariz.R.Civ.P., civil cases should be processed from filing of the complaint to trial so as to secure a just, speedy, and. inexpensive determination. Trials are often delayed because the identity of all trial witnesses has not been seasonably disclosed or discovery has not been completed, or because of a combination of such circumstances.

\*     \*     \*     \*     \*     \*

An attorney's signature on the list of witnesses and exhibits constitutes an avowal that the attorney, in good faith, actually intends to use the witnesses and exhibits listed at trial."

The appellees had taken the depositions of Richard Damron and Clyde Gobea. The listing of them as witnesses by the appellees constituted an avowal that the appellees actually intended to use these witnesses at trial. We fail to see how a just, speedy and inexpensive determination of the issues would be impeded by allowing these witnesses, whom the appellees intended to call at trial, to testify on behalf of the appellants. We hold that the trial court abused its discretion in failing to allow appellants to call these witnesses at the trial of the counterclaim.

Appellants have requested and are entitled to their reasonable attorney's fees on appeal upon their compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

The judgment on the counterclaim is vacated and set aside and the case is remanded for further proceedings.

LACAGNINA, C.J., and HATHAWAY, J., concur.