NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JACQUELINE HERNANDEZ, *Petitioner/Appellant,*

*v.*

CARLOS OROZCO, *Respondent/Appellee.*

No. 1 CA-CV 19-0526 FC
FILED 9-10-2020

Appeal from the Superior Court in Maricopa County
No. FC 2014-009735
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Anthony R. Montoya, Attorney at Law, Phoenix
*Counsel for Petitioner/Appellant*

Ashley Donovan Law PLLC, Tempe
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1        Jaqueline Hernandez ("Mother") appeals the superior court's order awarding attorneys' fees to Carlos Orozco ("Father") relating to the parties' competing petitions to modify legal decision-making, parenting time, and child support.  Because the court acted within its discretion, and Mother has made virtually no effort to show otherwise, we affirm.

¶2        Following an evidentiary hearing, the superior court issued its ruling on the merits of the parties' petitions and granted Father's request for attorneys' fees under A.R.S. § 25-324(A), ordering Mother to pay a portion of his reasonable attorneys' fees.  The superior court reasoned in part that (1) Mother has considerably more financial resources than Father to contribute toward his fees, and (2) she acted unreasonably during the litigation by failing to provide disclosure of her financial circumstances and waiting to file a pretrial statement until the morning of the hearing.

¶3        Father's counsel filed an affidavit, explaining that although she billed $4,662.50 in attorneys' fees, she agreed to represent Father for a flat fee of $4,000.  Mother objected, asserting no fees should be awarded but did not otherwise challenge the amount requested.  The court awarded Father the $4,000 requested and Mother appealed.

¶4        We review the superior court's award of attorneys' fees under A.R.S. § 25-324 for an abuse of discretion.  *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011).  Under A.R.S. § 25-324(A), a court may order a party to pay a reasonable amount of the other party's attorneys' fees after considering the financial resources of both parties and the reasonableness of their positions taken during the proceedings.

¶5        As an initial matter, we cannot ignore the glaring deficiencies in Mother's opening brief, filed by her counsel who did not submit a reply brief.  ARCAP 13(a) requires an opening brief to include the following:

> (1)  A "table of contents" with page references.  If the brief is filed electronically, and if feasible, the table of contents should

include bookmarks to sections of the brief described in items (2) through (10) below.

(2) A "table of citations" that must alphabetically arrange and index the cases, statutes and other authorities cited in the brief, and which must refer to the pages of the brief on which each citation of authority appears.

. . . .

(4) A "statement of the case" that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction. The statement of the case must include appropriate references to the record.

(5) A "statement of facts" that are relevant to the issues presented for review, with appropriate references to the record. A party may combine a statement of facts with the statement of the case.

(6) A "statement of the issues" presented for review. The statement of issues presented for review includes every subsidiary issue fairly comprised within the statement.

(7) An "argument" that must contain:

(A) Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies. The argument may include a summary.

(B) For each contention, references to the record on appeal where the particular issue was raised and ruled on, and the applicable standard of appellate review with citation to supporting legal authority. If a ruling challenged on appeal is one that required a party's objection at trial to preserve a right of review, such as a failure to admit or to exclude evidence or the giving of or refusal to give a jury instruction, appellant must include a reference to the record where the objection and ruling are located.

(8)  A "notice under Rule 21(a)," if applicable, that the party intends to claim attorneys' fees.

(9)  A short "conclusion" stating the precise relief sought.

**¶6**        The text of Mother's brief is a single page.  The Statement of Case merely states she is appealing the fee order awarding fees.  The Statement of Facts consists of four sentences, none of which include record citations.  In fact, there are no citations to the record in the brief.  The Issues Presented for Review includes two sentences, *see infra* ¶ 8, asserting why the fee award was improper, and a jurisdictional statement.  Bypassing any argument section, the Conclusion suggests that because Father initiated the proceeding and prevailed, there is no "valid reason to further award [him] with reimbursement of attorneys' fees."  The brief does not contain a table of authorities, and the only authorities are the jurisdictional statute and an irrelevant rule.  In sum, the brief does not comply in any meaningful way with the requirements of ARCAP 13(a).

**¶7**        Although we have ample justification to dismiss the appeal, in our discretion we will address its merits.  *Cf.  Adams v. Valley Nat. Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) ("Based upon the totally deficient briefs filed on behalf of appellant, we have little choice but to dismiss this appeal.").  However, as explained below, we conclude that counsel's failure to comply with ARCAP 13(a) merits sanctions.

**¶8**        Mother states that the superior court abused its discretion in awarding Father attorneys' fees because the award was "unconscionable and without merit."  She also claims there was no basis for imposing sanctions under Arizona Rule of Family Law Procedure ("Rule") 76.2(a).  We find no abuse of discretion.  The court properly applied A.R.S. § 25-324 by considering the parties' financial resources and the reasonableness of their positions in the litigation.  *See Mangan*, 227 Ariz. at 353, ¶ 27.  And although Rule 76.2 authorizes imposing sanctions, including attorneys' fees, for certain bad-faith conduct, nothing in the record indicates the superior court relied on that rule in awarding fees.  Instead, the record is clear the court awarded fees to Father based on A.R.S. § 25-324, not Rule 76.2.  Finally, although Mother states that Father testified he has the financial means to pay his own attorney, she has not provided us with a transcript of the hearing.  *See* ARCAP 11(b)(1) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a certified transcript of all evidence relevant to such finding or conclusion.").

**¶9**        Father requests an award of attorneys' fees under ARCAP 21(a). We deny his request because merely citing the rule does not provide a substantive basis for awarding fees. *See* ARCAP 21(a) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees.").

**¶10**        In our discretion, however, we conclude that Mother's counsel should be held accountable for filing a brief that is devoid of any reasonable factual, procedural, or legal analysis. Attorneys must conform "to an acceptable, minimal level of competency and performance," and it is our duty to both the legal community and litigants to ensure lawyers meet these standards. *Evans v. Arthur*, 139 Ariz. 362, 364 (1984). Pursuant to ARCAP 25, we have the authority to impose sanctions against an attorney, including payment of attorneys' fees, "that are appropriate in the circumstances of the case, and to discourage similar conduct in the future." We take great caution in imposing ARCAP 25 sanctions, *Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989), but find them appropriate here given counsel's disregard for the rules of this court. We therefore award Father reasonable attorneys' fees pursuant to ARCAP 25. The fees shall be assessed against Mother's counsel personally, with no charge to the client or the client's funds, upon Father's compliance with ARCAP 21(a). *See Evans*, 139 Ariz. at 365.

**¶11**        We affirm the superior court's order awarding attorneys' fees to Father.

