NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID NOVAK, *Plaintiff/Appellant*,

*v.*

RYAN B. NOVAK, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0325
FILED 3-21-2023

Appeal from the Superior Court in Maricopa County
No.  CV2021-051120, CV2021-051667, CV2021-094221
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

David Novak, Fountain Hills
*Plaintiff/Appellant*

Sternfels & White PLLC, Fountain Hills
By Frederick C. Horn, Shawn C. White
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

_____

**M O R S E**, Judge:

¶1        David Novak ("Plaintiff") appeals from the superior court ruling granting summary judgment to Ryan and Alexandra Novak ("Defendants").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Plaintiff is Ryan Novak's father and is a resident of the Town of Fountain Hills.  In 2012, while visiting his father, Ryan Novak suggested that they purchase a home together in Fountain Hills as an investment property and a place for Plaintiff to live.

¶3        Plaintiff, who had real-estate experience, contacted a local realtor to help them find and purchase the property.  The parties eventually decided to purchase a home, located at 15001 N. Stratford Circle ("the Property"), for $320,000.

¶4        According to Plaintiff, the parties entered into an oral agreement whereby Plaintiff would pay $20,000 of the $64,000 down payment along with $5,000 in initial improvements.  Plaintiff would also pay $1,200 per month towards the mortgage and live in the Property as its sole resident.  When both parties agreed to sell the Property, Plaintiff would be entitled to a return of his portion of the down payment and 50% of the profit on the sale.

¶5        This alleged agreement was never put into writing.  When the time came to purchase the Property, the purchase contract listed Defendants as purchasers.  The mortgage on the Property also listed Defendants as the sole borrowers.  And Defendants took title to the Property as community property with rights of survivorship.

¶6        In February 2021, Ryan Novak informed his father that he intended to sell the home.  At that time, he offered to pay Plaintiff back for his portion of the down payment and give him 25-40% of the profit from the sale. Plaintiff refused.  Instead, he asked Ryan Novak to agree in writing to a 50/50 split.

¶7        In July 2021, after the parties were unable to resolve their dispute, Defendants evicted Plaintiff from the Property.   Plaintiff subsequently filed three lawsuits concerning the Property, which the superior court consolidated into this case.

¶8        In November 2021, Defendants moved for summary judgment on all counts.   Following oral argument, the superior court granted the motion and awarded Defendants their attorney fees and costs. Plaintiff timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶9        We review a grant of summary judgment de novo.  *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  In doing so, we view the evidence and reasonable inferences "in the light most favorable to the party opposing the motion."   *Id.*   Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).

¶10        This Court "prefer[s] to decide each case upon its merits rather than to dismiss summarily on procedural grounds."  *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).   But we also "have a responsibility to see that [litigants] conform to an acceptable, minimum level of competency and performance," *Evans v. Arthur*, 139 Ariz. 362, 364 (1984), and "there is a limit to which judicial leniency can be stretched," *Adams*, 139 Ariz. at 342; *see Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017) (noting that courts hold unrepresented litigants to the same standards as attorneys).

¶11        Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 sets forth the requirements for an appellate brief.  At a minimum, "[t]he brief must present arguments that explain an appellant's 'contentions concerning each issue presented for review' with supporting reasons, citations to legal authorities, and appropriate references to the record." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quoting ARCAP 13(a)(7)).  "If we ignore a failure to comply with these elementary rules and tolerate unprofessional standards, it will be the clients, the public, the bar, and the courts which ultimately suffer."   *Id.* at 523, ¶ 13 (cleaned up).  Accordingly, when an appellant "fail[s] to provide a bona fide and reasonably intelligent effort to comply with Rule 13," the court may find that he has "waived any issues he may have wished to submit for this court's review."  *Id.* at 522, ¶ 9.

**¶12**     The opening brief fails to comply with ARCAP 13.  Although it presents several issues for review, it fails to provide supporting reasons, citations to legal authorities, or references to the record.  Instead, Plaintiff relies on ad hominem attacks on the opposing parties, their counsel, and the superior court judge, "choosing accusation and innuendo over reasoned discussion and legal analysis" and "commit[ting an] unreasonable infraction[] of the Rules of Civil Appellate Procedure . . . ."  *Ashton-Blair v. Merrill*, 187 Ariz. 315, 316 (App. 1996).  Among other things, the opening brief describes Ryan Novak as "a liar," "a thief," and "a fraud" and claims Defendants' counsel is a "swindler" who "is infamous for lying to the Courts to steal money for his clients."  Alleging that the superior court judge "lied about the evidence on record" in order to "assist[]" Defendants in "stealing" his property, Plaintiff suggests the judge must have been either "stupid" or "dishonest and [] paid off."  Plaintiff further claims the judge was "corrupt," "incompetent," and a "moron" who "'ought to be shot' (figure of speech)."

**¶13**     "The rule of law depends largely upon civil discourse in the peaceful resolution of legitimate disputes upon their legal merits."  *Ramos*, 252 Ariz. at 524, ¶ 15.  Plaintiff's abusive language and argument throughout his briefs on appeal "constitutes an affront to the dignity of the judicial process and the people of this state that rely on it in resolving their disputes."  *Id.*

**¶14**     Defendants have not requested sanctions in this case.  While we have authority to impose sanctions on parties who have used hostile and abusive language in their briefs, *id.*; *Ashton-Blair*, 187 Ariz. at 316, we do not impose sanctions lightly, *Ramos*, 252 Ariz. at 523, ¶ 12.  In the absence of a request by Defendants, we decline to award sanctions on our own motion.  *Cf.* ARCAP 25 (providing that an appellate court on its own may sanction a party or attorney).  Nevertheless, Plaintiff's reliance on hostile and abusive language in place of legal reasoning does not constitute a reasonable effort to comply with ARCAP 13.

**¶15**     Because Plaintiff has failed to make a bona fide and reasonably intelligent effort to comply with ARCAP 13, he has waived all appealable issues and effectively abandoned his appeal.  *Ramos*, 252 Ariz. at 523, ¶ 11.  Accordingly, we must affirm the superior court's ruling granting summary judgment.  *Id.*

**¶16**     Defendants request attorney fees on appeal under A.R.S. § 12-341.01 and A.R.S. § 33-420.  Because Defendants are the prevailing parties on appeal, we grant their request for reasonable attorney fees upon compliance with ARCAP 21.  *See Lacer v. Navajo County*, 141 Ariz. 392, 394

(App. 1984) ("A party is entitled to an award of its attorney's fees under A.R.S. § 12-341.01 if judgment in its favor is based upon the absence of the contract sued upon by the adverse party.").

## CONCLUSION

**¶17** For the above-stated reasons, we affirm the decision of the superior court and award Defendants their reasonable attorney fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED:   AA