NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

GARY REASH, JR., et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0301

FILED 11-07-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-092021
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

John Danko, III, Mesa
*Plaintiff/Appellant*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Steven J. Hulsman, Ryan D. Pont
*Counsel for Defendants/Appellees*

_____

## MEMORANDUM DECISION

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

**¶1**      John Danko, III ("Danko") appeals the superior court's dismissal of his complaint for lack of personal jurisdiction and service.  Both this court and the Maricopa County Superior Court have designated Danko as a vexatious litigant.  Ariz. Ct. App., Div. 1, Admin. Ord. No. 2024-10; Maricopa Cnty. Super. Ct. Admin. Ord. No. 2023-0135; *Danko v. Dessaules*, 2023 WL 5214129, at *3 ¶ 15 (Ariz. App. Aug. 15, 2023) (mem. decision). Danko's briefs in this case continue the pattern that led to those designations.  To start, Danko's opening brief violates the Arizona Rules of Civil Appellate Procedure ("ARCAP") in multiple ways.  Therefore, his arguments are waived, and we affirm the superior court's dismissal.  In addition to violating the ARCAP, Danko's briefs include irrelevant statements, unnecessary and inflammatory discussion of non-parties, and arguments this Court has repeatedly rejected.  We therefore order Danko to pay the defendants' reasonable attorney fees and costs on appeal under ARCAP 25 and A.R.S. § 12-349.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Each of the twelve defendants in this case are current or former police officers in South Carolina.  Danko sued them here in Arizona, alleging their actions "occurred in Maricopa County" and they "do business in Maricopa County."  Danko alleged the defendants "turn[ed] [his] chair . . . upside down" and "attempted to murder [him]" by both "standing on [his] neck" and "thirsting him to death[.]"  He also claimed the defendants "molest[ed]" him, "perpetrate[d] fraud" by making "numerous false statements," and "repeatedly harassed" him. He provided little to no additional detail about the time or place of any of the defendants' alleged actions.  Danko alleged the defendants committed fraud, "intentional torts," trespass, assault, battery, intentional infliction of emotional distress, "property torts," "dignitary torts," negligence, defamation, slander, libel, and "violate[d] nuisance laws."

¶3            Seven of the defendants moved to dismiss for lack of personal jurisdiction, arguing they interacted with Danko only in South Carolina, not Arizona.  Three of those defendants moved to dismiss for improper service of process.  The superior court struck several of Danko's responsive filings for failing to follow the process required of a vexatious litigant.  Once the court allowed Danko to file a response, he argued that defendants "own real property [in] Maricopa County," "do[] business in Maricopa County," were "residents of Arizona," and had "multiple contracts" with Danko.  But Danko again did not provide factual support or evidence for his allegations.

¶4            The court concluded it lacked personal jurisdiction over four defendants because Danko did not provide evidence of their contacts with Arizona.  The court reasoned that "[t]he simple fact that Mr. Danko happens to live in Maricopa County does not attach personal jurisdiction over the [d]efendants" and observed that Danko's own civil coversheet listed all twelve defendants as having South Carolina addresses.

¶5            Later, the court determined Danko had not served seven of the eight remaining defendants.  Finally, the court concluded the remaining defendant was served, but the court also lacked personal jurisdiction over him.  The court dismissed Danko's complaint in its entirety.

¶6            Danko timely appealed.  We have jurisdiction.  *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7            Danko argues the court erred in dismissing his complaint because Arizona has personal jurisdiction over the defendants.  Danko also includes many other arguments and details having nothing to do with his appeal.

¶8            To appeal from a civil judgment, an appellant must comply with the ARCAP.  *See* Ariz. R. Civ. App. P. 13.  ARCAP 13 requires that an appellant's opening brief contain a "table of citations" listing the "cases, statutes and other authorities" relied upon and including the page number where each citation appears.  Ariz. R. Civ. App. P. 13(a)(2).  The Rule also requires a "'statement of facts' that are relevant to the issues presented for review" containing "appropriate references to the record."  Ariz. R. Civ. App. P. 13(a)(5).  The brief must also include an "argument" section with the "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal

authorities and appropriate references to the portions of the record" relied on. Ariz. R. Civ. App. P. 13(a)(7)(A).

**¶9**     An appellant who does not make a "'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'" *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022). Although we "prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds," this Court has "a responsibility" to ensure appellate briefs "conform to an acceptable, minimum level of competency and performance." *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984); *Evans v. Arthur*, 139 Ariz. 362, 364 (1984). We "hold unrepresented litigants in Arizona to the same standards as attorneys and do not afford them special leniency." *Ramos*, 252 Ariz. at 522 ¶ 8.

**¶10**     Danko does not provide a single record citation in his opening brief. Although he does include legal citations to Arizona's venue statute and two federal statutes regarding orders of protection, Danko cites no cases or relevant legal authority about personal jurisdiction and service in his argument section. Danko's table of citations lists many statutes, constitutional amendments, procedural rules, and case law, but none of those listed authorities appear in his argument section. The cases in the table of citations list a case name but no other identifying information. By failing to provide proper record and legal citations, Danko did not make a bona fide and reasonably intelligent effort to comply with Rule 13. *See id.* ¶ 9. Accordingly, Danko's arguments are waived, and we affirm the superior court's judgment.

**¶11**     Even if we were to review Danko's personal jurisdiction arguments on the merits, we would affirm dismissal. *See* *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417 ¶ 10 (App. 2013) ("To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must offer facts establishing a *prima facie* showing of jurisdiction.") (citation and quotation marks omitted). And because Danko's brief provides no support for his statement that he properly served the other seven defendants, that issue is waived. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n.2 (App. 2007).

**ATTORNEY FEES**

**¶12**     Under ARCAP 25, "[a]n appellate court may impose sanctions on . . . a party if it determines that an appeal or a motion is

4

frivolous."  Such "[s]anctions may include . . . imposing costs or attorneys' fees."  Ariz. R. Civ. App. P. 25.

¶13         Defendants also request attorney fees and costs under A.R.S. § 12-349.  A court may award attorney fees if a party brings an appeal "without substantial justification."  A.R.S. § 12-349(A)(1).  Bringing an appeal "without substantial justification" means it is "groundless and is not made in good faith."  A.R.S. § 12-349(F).  "Groundlessness is determined objectively[.]"  *Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (App. 2014).  "[A] claim is 'not made in good faith' if (1) it is groundless and (2) the party . . . knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway."  *Ariz. Republican Party v. Richer*, 257 Ariz. 210, 221 ¶ 38 (2024).

¶14         Danko's appeal is frivolous and groundless because of his noncompliance with ARCAP 13, unsupported arguments about personal jurisdiction, irrelevant statements about issues not before the court, and unnecessary and inflammatory attacks on non-parties.  Over the past two years, this court has repeatedly explained to Danko that this conduct violates court rules.  And this court has repeatedly explained that legal arguments about personal jurisdiction such as those he made here are groundless.  Despite those repeated explanations, Danko yet again engaged in the same conduct and made the same arguments, demonstrating that he is indifferent to the groundlessness of his claims.

¶15         Over the last two years, Danko has routinely violated ARCAP 13 by not providing proper record or legal citations.  *See Dessaules*, 2023 WL 5214129, at *2 ¶ 13 ("Danko's opening brief does not include a single case or record citation[.]"); *Danko v. Leavitt*, 2023 WL 5286974, at *2 ¶ 10 (Ariz. App. Aug. 17, 2023) (mem. decision) ("[T]he cases recited do not have volume or case numbers and he does not explain how or where any of these legal authorities apply to the arguments in his brief . . . . Moreover, his argument section lacks citations to the record [or] legal authority[.]"); *Danko v. Jackson*, 2024 WL 2859439, at *3 ¶ 17 (Ariz. App. June 6, 2024) (mem. decision) ("Danko does not provide any citations to the record anywhere in his opening brief . . . . [T]he table of citations does not identify, by name or volume number, the reporter in which any of those cases can be found. Moreover, none of these cases whose names are listed in the 'table of citations' are cited anywhere in the body of the brief."); *Danko v. Whiting*, 2024 WL 3949057, at *2 ¶ 7 (Ariz. App. Aug. 27, 2024) (mem. decision) ("Danko's brief does not comply with the civil appellate rules by failing to support his arguments with citations to relevant legal authority."); *Danko v. Ameika*, 2024 WL 4026000, at *2 ¶ 9 (Ariz. App. Sept. 3, 2024) (mem.

decision) ("Danko's opening brief contains neither references to the record nor citations to legal authority . . . . [T]he table of citations does not identify, by name or volume number, the reporter in which any of those cases may be found."); *Danko v. Grantland*, 2024 WL 4564680, at *2 ¶ 8 (Ariz. App. Oct. 24, 2024) (mem. decision) ("Danko's briefing provides no concise statement of the case and never cites to the record as required[.]").

¶16    This court has also repeatedly rejected Danko's unsupported personal jurisdiction arguments.  In his opening brief here, Danko argues that whether "[d]efendant[s] reside[] in South Carolina, or wherever it is [d]efendant[s] reside[] is irrelevant" because Danko "lives no where [sic] else, thus the actions are committed against [him] in Arizona."  This court has repeatedly rejected this argument and, in so doing, explained the proper standard for personal jurisdiction.  *See Danko v. Wainscott*, 2023 WL 5377768, at *2 ¶ 12 (Ariz. App. Aug. 22, 2023) (mem. decision) ("[S]pecific jurisdiction is not warranted based on facts arising from Danko's conduct."); *Danko v. Strom*, 2023 WL 5977229, at *2 ¶ 8 (Ariz. App. Sept. 14, 2023) (mem. decision) ("Although Danko may be an Arizona resident, the record suggests he reached out from the state . . . not that [defendant] reached in to avail herself of the Arizona market."); *Danko v. Hawkins*, 2023 WL 7164310, at *3 ¶ 16 (Ariz. App. Oct. 31, 2023) (mem. decision) ("Danko raises two bases for specific jurisdiction: that he resides in Arizona and suffered harm in Arizona.  This is not enough."); *Whiting*, 2024 WL 3949057, at *2 ¶ 11 ("The record contains no evidence showing that [defendant] directed business activity toward Arizona, visited Danko's Arizona home, or inflicted an injury here."); *Ameika*, 2024 WL 4026000, at *3 ¶¶ 15–16 (Danko "insists that 'it does not matter' that [defendant] 'does not live' here . . . . Nothing in the record supports Danko's assertions about [defendant's] purported business activities in Arizona"); *Grantland*, 2024 WL 4564680, at *3 ¶ 16 ("In short, Danko offered nothing to support the superior court exercising personal jurisdiction over [defendant].").

¶17    Danko's briefs here, like those in the past, include many statements irrelevant to the issues on appeal.  For example, Danko requests "financial records and correspondence" from the defendants.  Danko "disputes that [d]efendants reviewed facts, evaluated, investigated the case, [or] provided experts."  He references claims (*e.g.*, unjust enrichment, breach of fiduciary duty, etc.) not found in his complaint.  He discusses his own decree of dissolution of marriage, disputing the division of community property and asking whether the decree "has any meaning at all, and by extension whether any all [sic] from any court in Arizona has any meaning or reason."  None of these statements have any relevance to whether

Arizona has personal jurisdiction over the defendants or if all were properly served.

**¶18** Danko again drags non-parties into his briefs. For example, he includes at least forty-six accusations of wrongdoing against his ex-spouse and her family. Neither Danko's ex-spouse, nor her family members, are named parties or have any apparent connection to the legal issues he asks us to resolve.

**¶19** This is not the first or second or even eighth time Danko has included irrelevant statements and disparaging comments about non-parties in his briefing. *See Dessaules*, 2023 WL 5214129, at *2 ¶ 9 n.1 ("Danko makes several arguments addressing issues beyond the superior court's order on appeal."); *Leavitt*, 2023 WL 5286974, at *2 ¶ 10 ("Danko's statement of facts includes numerous irrelevant 'facts' concerning non-parties[.]"); *Danko v. Ketti McCormick, PLLC*, 2023 WL 5371462, at *2 ¶ 13 (Ariz. App. Aug. 22, 2023) (mem. decision) ("[Danko] refers to parties and claims involved in the dissolution proceeding or other cases, not this case."); *Hawkins*, 2023 WL 7164310, at *4 ¶ 22 ("Danko's briefs are filled with unsubstantiated and offensive allegations that are irrelevant to an appeal for lack of . . . jurisdiction."); *Jackson*, 2024 WL 2859439, at *3 ¶ 17 ("Danko's briefing consists of irrelevant information and disparaging comments about his ex-spouse and other non-parties."); *Danko v. Grant*, 2024 WL 3201641, at *2 ¶ 7 (Ariz. App. June 27, 2024) (mem. decision) ("Danko's brief in large part repeats and expands various conclusory allegations—many of which appear to be directed at non-parties—attempting to recast them as facts sufficient to state a claim."); *Ameika*, 2024 WL 4026000, at *5 ¶ 21 ("Acts . . . committed by Danko's ex-spouse and her family members cannot support the exercise of personal jurisdiction over [defendant]."); *Grantland*, 2024 WL 4564680, at *2 ¶ 8 ("[T]hroughout his brief, [Danko] conflates this appeal with other cases.").

**¶20** This court has repeatedly sanctioned Danko for similar shortcomings. *See Strom*, 2023 WL 5977229, at *2 ¶ 13; *Hawkins*, 2023 WL 7164310, at *4 ¶ 22; *Grant*, 2024 WL 3201641, at *3 ¶ 12; *Whiting*, 2024 WL 3949057, at *3 ¶ 14; *Ameika*, 2024 WL 4026000, at *6–7 ¶¶ 29–30; *Grantland*, 2024 WL 4564680, at *3 ¶ 18. We do so again in the hope that it will "discourage similar conduct in the future." Ariz. R. Civ. App. P. 25. Pursuant to ARCAP 25 and A.R.S. § 12-349, we award defendants their reasonable attorney fees and costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶21** We affirm the superior court's dismissal of Danko's complaint.



AMY M. WOOD • Clerk of the Court
FILED: AGFV

8