NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BIANCA MARTINEZ, *Petitioner/Appellee*,

*v.*

MARVIN DESHON COLBURT, *Respondent/Appellant*.

No. 1 CA-CV 21-0454 FC
FILED 2-15-2022

Appeal from the Superior Court in Maricopa County
No. FC2021-000561
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Marvin Deshon Colburt, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

**C R U Z**, Judge:

¶1        Marvin Deshon Colburt ("Father") appeals from the superior court's order of protection limiting his contact with his minor child ("Child") and Child's Mother, Bianca Martinez ("Mother").   For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In January 2021, Mother petitioned the superior court for an order of protection against Father, alleging he was physically harming Child.  The court issued an order of protection.  The court held a contested hearing, and Mother and Father both testified.  After the hearing, the court found that Father committed an act of domestic violence within the last year and affirmed the order of protection, but modified the order to allow Father to have supervised visits and phone and email contact with Child and email contact with Mother.

¶3        Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(b).

## DISCUSSION

¶4        We review the superior court's protective order for an abuse of discretion.  *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014).  The superior court abuses its discretion when it commits an error of law or "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012) (citation and internal quotation marks omitted).

¶5        For a contested order of protection to remain in effect, the plaintiff must prove by a preponderance of the evidence that "[t]he defendant may commit an act of domestic violence" or "has committed an act of domestic violence within the past year or within a longer period of time if the court finds that good cause exists to consider a longer period." A.R.S. § 13-3602(E)(1), (2); Ariz. R. Protective Order P. 38(f)(3).

¶6        As a preliminary matter, we note that Father's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13.  ARCAP 13(a)(5) requires a "'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record." ARCAP 13(a)(7) requires an argument section setting forth the appellant's "contentions concerning each issue presented for review, with supporting

reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies," and "the applicable standard of appellate review with citation to supporting legal authority." This court may dismiss an appeal when the appellant fails to comply with the rules. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984).

¶7 The opening brief states that the issue in this case is whether the superior court "consider[ed] Mom was lying," and the argument section consists of one sentence stating that "DCS unsubstantiated the report and attached documentation in my Case Management Statement." Father provides no citation to the record to support his argument, nor does he provide any citation to legal authority.

¶8 Even if we were to overlook the deficiencies of the opening brief, we do not reweigh the evidence or make credibility determinations on appeal, nor do we redetermine the preponderance of the evidence. *Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017); *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Because the superior court is in the best position to determine witness credibility and resolve conflicts in the evidence, we generally defer to its findings. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 17 (App. 2012). Father has not demonstrated the superior court abused its discretion.

## CONCLUSION

¶9 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

3