139 Ariz. 340 (1984)
678 P.2d 525
D. Lavoy ADAMS, Plaintiff-Appellant,
v.
VALLEY NATIONAL BANK OF ARIZONA, a national banking association; and Larry Haldane, Defendants-Appellees.
No. 1 CA-CIV 6931.
Court of Appeals of Arizona, Division 1, Department B.
January 26, 1984.
*341 Robert T. Neville, P.C. by Robert T. Neville (Opening Brief), and LeVen B. Ferrin, P.C. by LeVen B. Ferrin, Phoenix (Reply Brief), for plaintiff-appellant.
Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Phoenix, for defendants-appellees.
OPINION
MEYERSON, Presiding Judge.
In Price v. Price, 134 Ariz. 112, 654 P.2d 46 (App. 1982), we held that a frivolous appeal is one wholly without merit or brought for an improper motive. We consider this appeal to be wholly without merit and because appellant's opening brief does not conform with the Arizona Rules of Civil Appellate Procedure (Rule), we impose sanctions pursuant to Rule 25. Cf. Auman v. Auman, 134 Ariz. 40, 653 P.2d 688 (1982).
Appellee Valley National Bank of Arizona (Bank) disbursed approximately $200,000 pursuant to a loan commitment executed by appellant D. Lavoy Adams. The funds were advanced to the payee for the purchase of cattle but apparently only some of the cattle were delivered to Adams. The disbursement was made at the request of Harold Hogle who was acting pursuant to a general power of attorney executed by Adams. The loan commitment, signed by Adams also authorized the disbursement of funds at the "oral or written request" of Hogle. Adams brought suit against the Bank alleging fraudulent and negligent misrepresentation. A jury found in favor of the Bank and following the denial of Adams' motion for new trial and motion for judgment notwithstanding the verdict, Adams brought this appeal.
The opening brief lists nine issues presented. The section of the opening brief entitled "Argument" fails completely to relate the argument to any of the issues presented. Our rules of civil appellate procedure require that the "argument" section of the brief "shall contain the contentions of the appellant with respect to the issues presented." Rule 13(a)(6).
The only argument presented with any degree of clarity in the opening brief is the contention that the power of attorney was invalid because it was not notarized (none of the "issues" refers to the power of attorney argument). Yet, Adams provides us with no authority in support of the contention that the lack of acknowledgment invalidates the power of attorney. Despite our own efforts, we have not been able to find any such authority. Indeed, the contrary is true. Absent a statutory requirement, a power of attorney need not be acknowledged. 1 Am.Jur.2d Acknowledgements § 5 at 450 (1962); 3 Am.Jur.2d Agency § 26 at 435 (1962). No Arizona statute requires that a power of attorney be acknowledged.
In order to understand our frustration with this case, further elaboration is necessary. *342 Adams raises as an issue whether the court erred in not allowing Exhibit 13 in evidence. But the only argument made with regard to Exhibit 13 is the statement that the "jury was not allowed to see Exhibit 13 which was the Appellant's response regarding his not making the payment." Other issues include the alleged error by the trial court in not giving Adams' proposed jury instructions 3, 4, 6 and 8. The only reference in Adams' argument to the failure to give jury instructions is as follows:
The Court also refused Appellant's Instructions 4, 6 and 8 which show the seriousness of the false acknowledgement by the Appellees. This, coupled with the failure of the Court to grant the Appellant's Instructions 4 and 7, which show the duty of the Appellee in dealing with a Power of Attorney, confused the jury.
Although the failure to give Adams' jury instruction 3 is raised as an issue, the argument section is completely devoid of any reference to instruction 3. It appears to us that Adams has attempted to "simply throw the whole case `into our laps' on the theory that somewhere therein is something, which made the final result in some way erroneous." In re Hesse's Estate, 65 Ariz. 169, 171, 177 P.2d 217, 218 (1947).
Based upon the totally deficient briefs[1] filed on behalf of appellant, we have little choice but to dismiss this appeal. We recognize that courts prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds. Clemens v. Clark, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966). However, there is a limit to which judicial leniency can be stretched. Although the sanction of dismissal may seem harsh in the context of a particular case, it will have a prophylactic effect in the long run. By enforcing the minimal standards of advocacy set forth in the rules of civil appellate procedure, we necessarily elevate the level of appellate practice to a higher plane. If we ignore a failure to comply with these elementary rules and tolerate unprofessional standards, it will be the clients, the public, the bar and the courts which ultimately suffer.[2]
In a typical case when the court is confronted with a brief of this quality, we simply bite our tongues and endeavor to determine what argument has been raised on appeal and proceed to dispose of it. In most of these cases, the appellant's position is unfounded and the ruling below is affirmed in a memorandum decision. In truth, we do a disservice to everyone in such situations. A muddled brief generally reflects the fact that there is little basis for an appeal in the first place. The client in a civil case ought to be advised of this unhappy truth and discouraged from proceeding. The bar is hindered in pressing forward cases with merit when the courts are forced to expend time on cases without merit.
Advocacy before an appellate court entails a responsibility to aid the court in reaching a timely decision on a well-informed basis. Counsel's briefs and arguments should be concise, technically well grounded in the law, and clearly reasoned.
Appellate courts observe that many cases before them lack substantial merit. This suggests that the bar does not give sufficient attention to the lawyer's professional responsibility to refrain from prosecuting an appeal unless it rests on substantial grounds. Counsel has a duty to discourage an unwarranted appeal and, in extreme cases, except where appointed counsel is legally bound to present an appeal, to refuse his services to a client who wishes to persist in such a case.
ABA, Standards Relating to Appellate Courts § 3.41, commentary at 73 (1977).
*343 "The adversary system of dispensing justice is effective only in the event that there is some substantial advocacy and effort on both sides of a question to be judicially determined." State v. Turovh, 3 Ariz. App. 252, 254, 413 P.2d 583, 585 (1966). We are not required to assume the duties of an advocate and search voluminous records and exhibits to substantiate an appellant's claims. Clemens v. Clark, 101 Ariz. at 414, 420 P.2d at 285. Sound judicial practice and our ever-burgeoning docket prohibit us from carrying the banner on behalf of the ill-advised appellant. We should not be constrained to neglect the many meritorious appeals that are awaiting our decision by spending our time needlessly in an attempt to do the job of the lawyer.
As we stated in Price v. Price, we do not want to discourage the filing of novel and unique claims. But as we observed, there is a difference between a novel claim and a frivolous one. It is the latter case that we have before us and one which we must dismiss for the reasons stated herein. The Bank may submit a request for its costs and attorneys' fees (to be assessed against counsel for appellant) pursuant to Rule 21(c) and Rule 25.
Appeal dismissed.
BROOKS and CORCORAN, JJ., concur.
NOTES
[1] The reply brief consists of three unnumbered pages under a heading denominated "Reply." There is nothing in the reply brief which relates to any of the issues raised in the opening brief.
[2] Similar concerns were expressed in a recent criminal case which, of course, could not be dismissed by virtue of A.R.S. § 13-4035. State v. Van Alcorn, 136 Ariz. 215, 665 P.2d 97 (App. 1983).