# Supreme Court of the Navajo Nation

**Wesley Begay, Appellant,**

v.

**Lena Begay, Appellee.**

**Decided June 29, 1989**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Gary E. LaRance, Esq., Tuba City, Arizona, for the Appellant; Loretta E. Nez, Esq., DNA - People's Legal Services, Inc., Tuba City, Arizona, for the Appellee.

Opinion delivered by Bluehouse, Associate Justice.

This matter comes before the Court on an appeal of a default divorce decree entered against the appellant by the Tuba City District Court on July 21, 1988. The district court denied appellant's motion to set aside the default divorce decree and he has subsequently filed a notice of appeal. Appellee has moved to dismiss the appeal, citing failure to timely file a brief pursuant to Rule 12(c) of the Navajo Rules of Civil Appellate Procedure (1987 ed.)(NRCAP). After review, we grant appellee's motion.

On May 20, 1988, appellant, Wesley Begay, was served with a petition and summons informing him that a divorce proceeding had been commenced in Tuba City District Court by appellee, Lena Begay. According to Rule 4 of the Navajo Rules of Civil Procedure, Mr. Begay had until June 20, 1988 to file an answer to the petition. Mr. Begay failed to file an answer within the prescribed period, and on July 21, 1988, a default divorce decree was entered in Tuba City District Court. Mr. Begay then moved to set aside the default decree, which was denied on October 10, 1988. Mr. Begay filed an appeal from the denial of the motion to set aside the default decree on November 4, 1988.

A notice of docketed appeal was mailed to the parties by the supreme court clerk in accordance with NRCAP 10(b) on December 5, 1988. Pursuant to NRCAP 12(a), Mr. Begay had thirty days from the date the court clerk mailed the notice to file his brief. Mr. Begay filed his brief on January 13, 1989, two days late. On January 26, 1989, Ms. Begay filed this motion to dismiss, pursuant to NRCAP 12(c), alleging that because Mr. Begay's brief was filed late, his appeal should be dismissed. Mr. Begay did not respond to the motion to dismiss, or oth-

erwise attempt to explain why his brief was filed late. We dismiss the appeal.

NRCAP 12(a) is clear in its mandate: "The appellant shall file his brief ... within thirty (30) days after the Clerk of the Supreme Court mails the notice [of docketing] required by Rule 10(b)." NRCAP 12(a). The rules allow for an additional seven days if the notice of docketed appeal is served upon the appellant by mail. NRCAP 5(c). If the appellant fails to file his brief in a timely manner, appellee has a remedy under NRCAP 12(c), which allows for dismissal upon appellee's motion. This Court has said that a filing deadline is not a target date, but an integral element of the adversarial process which requires close scrutiny by the litigants involved. *Riverview Service Station v. Eddie*, 5 Nav. R. 135, 136 (1986).

The appellant had ample time (from November 4, 1988 until January 11, 1989) to outline, prepare arguments, write and file his brief. Nevertheless, appellant, by mail, filed his brief on January 13, 1989; two days late. This Court has recently directed that if papers are filed by mail, "sufficient time for delivery must be allowed so that the [papers] will be in the custody of the clerk and filed before expiration of the time established." *In re Estate of Wauneka Sr.*, 6 Nav. R. 63, 64 (1988); *In re Adoption of Doe*, 5 Nav. R. 141, 143 (1987). The additional time granted by NRCAP 5(c) allows a litigant the full thirty days to prepare his brief and still satisfy the filing deadline. It remains the litigant's responsibility, however, to ensure that the filing deadline is met.

The appellant also had a remedy if the deadline became unmanageable: he could have filed for an extension of time, before the expiration of the prescribed time, pursuant to NRCAP 5(b). *In re Estate of Wauneka Sr.*, 6 Nav. R. at 64. NRCAP 5(b) clearly states that "[t]he time for doing any of the acts provided for in these rules, or by order of the Supreme Court, or by any applicable statute, may be shorted or extended ... upon written motion for good cause shown...." NRCAP 5(b). The deadline is not dispensed with casually, and a showing of good cause is a prerequisite for an extension. Here, however, there was no attempt at a good cause showing, as no motion for extension was ever filed. The appellate rules set standards for procedural conduct and provide for dispensations under appropriate circumstances. When they are ignored or abandoned, however, this Court is disinclined toward leniency, and will treat the violations as evidence of a lack of good faith. Justice, fairness to all litigants, and judicial efficiency demand no less. As an Arizona court explained: "Although the sanction of dismissal may seem harsh in the context of a particular case, it will have a prophylactic effect in the long run. By enforcing the minimal standards of advocacy set forth in the rules of civil appellate procedure, we necessarily elevate the level of appellate practice to a higher plane. If we ignore a failure to comply with these elementary rules and tolerate unprofessional standards, it will be the clients, the public, the bar and the courts which ultimately suffer." *Adams v. Valley National Bank of Arizona*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (1984).

Appellant has failed to meet the minimal standards which the rules demand. As the Second Circuit has repeatedly held regarding briefs and motions untime-

ly filed, "[u]nless application for extended time is made ... it is evidence of a lack of good faith and, failing extraordinary circumstances, it constitutes neglect which will not be excused." *Gilroy v. Erie Lackawanna R.R.*, 421 F.2d 1321, 1323 (2d Cir. 1970). The appellate rules which the Navajo Supreme Court has promulgated are equally demanding. They provide for the rapid, equitable, and inexpensive disposition of advanced litigation before the Court, and unauthorized deviations may prejudice the adverse party and impede judiciary efficiency. This Court has discretionary authority to accept a brief that is filed late. Absent a showing of good cause for the untimely submission, however, the appeal will be dismissed.

Furthermore, it is impossible to ignore the consistent pattern of missed deadlines which has marred the advocatory management of this case from the outset. The deadline for filing an answer to the petition with the district court was missed by appellant because his counsel canceled their initial meeting. The initiation of an attorney-client relationship, at its earliest stages, places a fiduciary obligation upon the attorney. The existence of outside commitments does not excuse an attorney from the performance of present ones owed to his client nor does it excuse the party himself from satisfying rules of court. It is well established that "preoccupation of counsel with other matters does not dispense with the rules that require timely filing." *Moncaida v. Roscoe*, 569 F.2d 828, 830 (5th Cir. 1978) (quoting *United States v. Bowen*, 310 F.2d 45, 47 (5th Cir. 1962).

Finally, appellant's failure to file a response in opposition to appellee's motion for dismissal demonstrates a profound indifference to the final disposition of this case. Whether this disregard is attributed to counsel or appellant is irrelevant at this stage of the litigation; it is simply another signpost along a path of indifference which this case has followed from the very beginning.

The Rules of Civil Appellate Procedure operates for the benefit of the litigants, the court, and the public. The rules are also quite clear in their individual mandate: Rule 12(a) requires the appellant to file his brief within thirty days after the clerk serves the notice of docketing; Rule 5(c) allows an additional seven days if the notice of docketed appeal is served on the appellant by mail; and Rule 5(b) provides for an extension of the filing deadline upon motion, with a showing of good cause. The rules, however, also impose a sanction. If appellant flouts the minimal standards imposed and files his brief late, the appellee, pursuant to NRCAP 12(c), can move for dismissal of the appeal. To prevent such dismissal, the appellant must demonstrate good cause why the brief was filed late. Placing blame on the slowness of mail through the postal system is not good cause. See *In re Adoption of Doe*, 5 Nav. R. at 143.

Failure to follow simple appellate procedure "[i]mpedes the just, speedy, and inexpensive disposition of judicial business," and will not be tolerated. *Community Coalition for Media Change v. Federal Communications Comm'n*, 646 F.2d 613, 616 (D.C. Cir. 1980). It is the responsibility of each litigant to ensure the proper and timely filing of all papers, briefs, and motions. Appellant's

brief had a January 11, 1989 filing deadline. It was not filed with this Court until January 13, 1989; two days late. Mr. Begay has failed to show good cause for the untimely filing. Ms. Begay's motion to dismiss the appeal under NRCAP 12(c) is therefore granted.

Appeal dismissed.