NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

KATHRINA H. TOBIAS, *Plaintiff/Appellant*,

*v.*

DANA HOGLE; THE BRADSHAW HOGLE FIRM; PAUL MCQUEEN,
*Defendants/Appellees.*

No. 1 CA-CV-12-0793

FILED 2-25-2014

---

Appeal from the Superior Court in Maricopa County
No.  CV2012-054342
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

---

COUNSEL

Kathrina H. Tobias, *In propria persona*, Phoenix

*Appellant*

Warnock, MacKinlay & Carman, PLLC, Mesa
By J. Kent MacKinlay

*Counsel for Defendants/Appellees Dana Hogle and the Bradshaw Hogle Law Firm*

_____

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

_____

**T H O M P S O N,** Judge:

¶1        Kathrina H. Tobias (Tobias) appeals from the trial court's order dismissing her complaint for lack of subject matter jurisdiction.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Tobias owned a coffee shop.  In 2009, she hired Sean Stapley[1] and Stapley Plumbing (collectively Stapley) to do plumbing work at the coffee shop.  Before the job was finished, Tobias and Stapley got into a dispute over payment and Stapley walked off the job.  Tobias filed a complaint against Stapley with the Arizona Registrar of Contractors (ROC).  She then hired defendants Paul McQueen and McQueen Plumbing (collectively McQueen) to finish the job.

¶3        Stapley hired defendants Dana Hogle (Hogle) and the Bradshaw Hogle Law Firm and filed a complaint against Tobias and others in Maricopa County Superior Court in December 2009.  Stapley sought over $12,000 in alleged unpaid fees plus attorneys' fees.  Tobias filed for bankruptcy in federal court in April 2010.  Stapley, McQueen, and Hogle were listed as creditors in the bankruptcy.  The trial court subsequently dismissed Stapley's case with prejudice in February 2011.

¶4        In October 2011, Hogle went to the coffee shop to speak with Tobias about her ROC complaint.  Tobias refused to speak with Hogle, and he left her a note on a paper bag threatening to initiate a lawsuit against her for "fraud, malicious prosecution and abuse of process." Tobias sent a copy of the note to the judge assigned to her bankruptcy

_____

[1] Sean Stapley is deceased and therefore no longer a defendant in this case.

case. The bankruptcy judge sanctioned Hogle $3000 for violating 11 U.S.C. § 524(a)(2) (2010).[2]

¶5        In July 2012, Tobias, who was unrepresented by counsel, filed a complaint in superior court against Stapley, Hogle, the Bradshaw Hogle Law Firm, and McQueen. She alleged that McQueen violated 11 U.S.C. § 524(a)(2) by complaining about her failure to pay him to others. She alleged that all of the defendants violated the bankruptcy injunction by "verbally assault[ing] . . . , harass[ing] and intimidat[ing]" her and by causing her emotional distress and harm. She further alleged that the defendants made false statements to the ROC and the court "in their attempt to circumvent the . . . [i]njunction," which also caused her emotional distress and harm. Finally, she alleged that all of the defendants violated the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. 1601, *et seq.*

¶6        Hogle and the Bradshaw Hogle Law Firm filed a motion to dismiss Tobias's complaint for lack of subject matter jurisdiction. McQueen joined in the motion to dismiss. After oral argument, the trial court found that it did not have subject matter jurisdiction and dismissed the complaint. Tobias filed a notice of appeal prematurely and this court suspended the appeal to allow the trial court to enter a final judgment. The court did so. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) § 12-2101(B).

## DISCUSSION

¶7        On appeal, Tobias argues that the trial court erred by concluding that it lacked subject matter jurisdiction and dismissing her complaint. We review the trial court's judgment granting a motion to dismiss de novo.

---

[2] 11 U.S.C. § 524(a)(2) states that a discharge in a bankruptcy case "operates as an injunction against . . .the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . .." The remedy for violating § 524 is compensatory civil contempt pursuant to 11 U.S.C. § 105 (a). *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002) (citing 4 *Collier on Bankruptcy* ¶ 524.02(2)(c) (15th ed. 1999); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000); *Cox v. Zale Delaware Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) ("suit for violation of § 524 can only be brought as contempt action.")).

**¶8** At the outset, we note that Tobias's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure. Arizona Rule of Civil Appellate Procedure (ARCAP) 13(a)(4) requires "[a] statement of facts relevant to the issues presented for review, with appropriate references to the record." Rule 13(a)(5) requires "[a] statement of the issues presented for review." Rule 13(a)(6) requires an argument section "contain[ing] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."

**¶9** Tobias's opening brief fails to provide a statement of facts or an issue statement. Instead, in a section entitled "Summary," which contains no record references, Tobias states that she "incorporates by reference her documents in the Superior Court matter . . . ." This does not comply with ARCAP 13(a)(4). The argument section contains the correct standard of review, but the majority of the argument section is unclear and lacks relevant citations. *See* ARCAP 13(a) (all portions of the opening brief should be set forth "concisely and clearly.").

**¶10** The opening brief fails to even minimally comply with ARCAP 13. We may dismiss the appeal for this reason. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43, 678 P.2d 525, 527-28 (App. 1984). However, to the extent that Tobias argues that the trial court erred by concluding that it lacked subject matter jurisdiction and by relying on *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), we find no error.

**¶11** First, the federal bankruptcy court has exclusive jurisdiction to resolve issues regarding alleged violations of Tobias's bankruptcy stay. *See MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 916 (9th Cir. 1996) (holding that a debtor's malicious prosecution claim in federal district court against a creditor was preempted by the bankruptcy code). Here, the bankruptcy court did in fact sanction Hogle $3000 for violating § 524.

**¶12** Second, Tobias has no private cause of action for alleged violations of the stay, nor can she bring a claim under the FDCPA against these defendants. In *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, the 9th Circuit Court of Appeals dismissed a debtor's lawsuit in federal district court against a creditor because it found that there was no private right of action for a debtor discharged from bankruptcy to enforce an alleged violation of 11 U.S.C. § 524. *Id.* at 507-09. The court also found that the

debtor could not bring a claim under the FDCPA because to allow such a claim "would allow through the back door what [the debtor] cannot accomplish through the front door – a private right of action" thereby circumventing the bankruptcy code. *Id.* at 510.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm the trial court's order dismissing the complaint.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : mjt