NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KIDIST CHEREKA, *Plaintiff/Appellee*,

*v.*

WORKINEHE GADISSA, *Defendant/Appellant*.

No. 1 CA-CV 16-0188 FC
FILED 1-31-2017

Appeal from the Superior Court in Maricopa County
No. FC2016-001111
The Honorable Michael S. Mandell, Commissioner

**AFFIRMED**

COUNSEL

Kidist Chereka
*Plaintiff/Appellee Pro Se*

Workinehe Gadissa, Laveen
*Defendant/Appellant Pro Se*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**McMURDIE**, Judge:

**¶1**      Workinehe Gadissa appeals the superior court's affirmation of an Order of Protection entered against him for the protection of Kadist Chereka. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**      Chereka obtained an Order of Protection against Gadissa on February 1, 2016, in a municipal court. In her petition, Chereka alleged Gadissa "openly [and] repeatedly" threatened her life. Chereka and Gadissa have a child together.

**¶3**      A hearing on the Order of Protection was requested by Gadissa. Because there was a family matter pending in the superior court, the case was transferred. On March 7, 2016, the superior court held a hearing on the Order of Protection. Chereka testified. Gadissa was represented by an attorney and chose not to testify. Gadissa's counsel did offer exhibits on his behalf. The superior court affirmed the Order of Protection finding Gadissa committed an act of domestic violence against Chereka.

**¶4**      Gadissa timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes section 12-120.21(A)(1) and -2101(A)(1) (2016).[2]

---

[1]      We view the facts "in the light most favorable to upholding the [superior] court's ruling." *Mahar v. Acuna*, 230 Ariz. 530, 532, ¶ 2 (App. 2012).

[2]      We cite to the current version of applicable statutes absent any change material to this decision.

## DISCUSSION

**¶5** "We review an order of protection for an abuse of discretion." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014) (citation omitted). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dept' of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003) (citation omitted).

### A.     Due Process Violation.

**¶6** Gadissa appears to argue he was denied due process because he accepted the advice of his counsel not to testify.[3] According to Arizona Rule of Protective Order Procedure 38(e), in a contested hearing on an order for protection, a "judicial officer must ensure that both parties have an opportunity to be heard, to present evidence, and to call and examine and cross-examine witnesses."

**¶7** Here, Gadissa was present at the hearing and had an opportunity to testify. He was represented by an attorney, who presented statements and evidence to the court on behalf of Gadissa, with an opportunity to cross-examine Chereka. Gadissa, through counsel, purposefully and specifically exercised his right not to testify. Accordingly, we find no due process violation.

### B.     Sufficiency of Evidence.

**¶8** We also construe Gadissa's opening brief as contending the superior court erred by finding sufficient evidence existed to support the

---

[3]     Gadissa's opening brief fails to clearly identify or discuss any specific legal grounds or arguments for reversing the superior court's Order of Protection. Furthermore, the opening brief fails to include citations to the record. This lack of reference to legal authority and the record could be considered abandonment and waiver of his claim. *See* ARCAP 13(a)(7)(A) (requiring appellant's brief to contain arguments with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."); *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted). However, in our discretion, we decide this appeal on its merits based on our own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing that courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

Order of Protection. When evidence conflicts, we defer to the trial court's "determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). At the hearing, Chereka testified regarding the allegations in her petition. Gadissa submitted nine exhibits for the court's consideration. Because Gadissa did not provide us with a transcript of the proceeding, we must presume the superior court found every fact necessary to affirm the Order of Protection. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal.") (citation omitted); *see also* ARCAP 11. Thus, the superior court did not abuse its discretion. *See Gutierrez*, 193 Ariz. at 347, ¶ 13.

**CONCLUSION**

¶9  For the foregoing reasons, we affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED: AA

4