NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LINDY LOU CHERRY, *Petitioner/Appellee*,

*v.*

JAIME JESUS MENDOZA, *Respondent/Appellant*.

No. 1 CA-CV 22-0348 FC
FILED 3-21-2023

Appeal from the Superior Court in Maricopa County
No. FC2017-071414
The Honorable Stasy Avelar, Judge

**AFFIRMED**

COUNSEL

Lindy Cherry, Peoria
*Petitioner/Appellee*

Jaime Mendoza, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1　　　　Jaime Jesus Mendoza ("Father") appeals from the superior court judgment modifying parenting time and child support. He argues that the "illegitimate actions" of the judge and the court-appointed advisor violated his rights and deprived him of a fair hearing. We find no error and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Lindy Lou Cherry ("Mother") and Father have two minor children in common. In April 2017, following the dismissal of a juvenile dependency action, the juvenile court entered temporary orders for legal decision-making, parenting time, and child support for the children. The court awarded sole legal decision-making to Mother. The court ordered that Father have supervised parenting time, but "Mother is not required to provide such supervision." Finally, the court suspended Mother's prior child support obligation "until further order of the family court." The temporary orders became final when neither party began a modification proceeding before the date set by the juvenile court.

¶3　　　　In October 2021, Father petitioned to modify legal decision-making, parenting time, and child support. The superior court held an evidentiary hearing and received testimony from Mother, Father, and a court-appointed advisor. After the hearing, the court made several factual findings and issued a judgment "affirming to Mother sole legal decision-making" and modifying the parenting time and child support orders in Mother's favor.

¶4　　　　The superior court found that "Father has not demonstrated that he is clean and sober and no longer suffering from any mental health issues, drug addiction issues, or that he will comply with Court orders and return the children as required." The court also found that paternal parenting time "would endanger the children's physical, mental, moral or emotional health" and concluded that unsupervised parenting time with

2

Father was inappropriate. *See* A.R.S. § 25-403.01(D). The court's modified judgment granted Father supervised parenting time only after submitting a clean hair follicle test. Father can progress to unsupervised parenting time after completing assigned counseling. Finally, the court found "a substantial and continuing change of circumstances relevant to the calculation of child support" and ordered Father to pay $723 monthly. *See* A.R.S. § 25-503.

¶5        Father appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        "We view the facts in the light most favorable to sustaining the superior court's order" and give "due regard" to the court's witness credibility assessments. *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017). We will affirm the superior court's fact-finding unless it is clearly erroneous. *See* Ariz. R. Fam. Law P. ("ARFLP") 82(a)(5).

¶7        We note that Father's brief does not follow the requirements established by Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). *See* ARCAP 13(a)(1) ("'table of contents' with page references"); ARCAP 13(a)(2) (table of citations); ARCAP 13(a)(4) (Statement of the case must "state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction" and must include "references to the record."); ARCAP 13(a)(7) (Argument must contain "supporting reasons for each contention," "legal authorities and appropriate references to . . . the record," and the "standard of appellate review."). On this basis, we could decide that Father's arguments are waived. *See Adams v. Valley Nat. Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). But because we prefer to decide cases upon their merits, we will consider Father's arguments as much as possible. *See Adams*, 139 Ariz. at 342 (citing *Clemens v. Clark*, 101 Ariz. 413, 414 (1966)).

¶8        First, Father says that he "wish[es] to press criminal charges against [the court-appointed advisor and superior court judge]." Next, he lists a series of statutes from the Arizona criminal code that ostensibly apply: A.R.S. §§ 13-2702, -105, -302, -305, -803, and -804. Father does not elaborate on this list, simply alleging "multiple violations" by the superior court judge and court-appointed advisor.

¶9        We lack jurisdiction to charge or try a defendant in a criminal case. *See* Ariz. Const. art. VI, § 9 (The jurisdiction of the appellate courts is governed by statute.); A.R.S. §§ 12-120.21, -2101 (jurisdiction statutes); *see*

*also* Ariz. Const. art. VI, § 14(4) (The superior court has original jurisdiction of criminal cases.). And Father fails to explain how these allegations show error in the superior court's ruling on legal decision-making, parenting time, and child support. Nowhere in his brief does Father request that the order for legal decision-making, parenting time, and child support be reversed. Instead, Father asks "to be compensated for the damages and losses sustained." But Father cites no applicable authority to grant such a request.

¶10 Next, Father alleges that the court-appointed advisor "knowingly and intentionally lied in her [report] as well as adhere [sic] to her role and responsibilities as a court appointed advisor." But Father fails to cite evidence supporting his claims.

¶11 Father does reference an email by the advisor where she stated, "[M]y role on this case is for the best interest of your children as the Court Appointed Advisor, not a private investigator." Father suggests this statement was deceptive because her testimony at trial reveals she was acting as an investigator and thereby "not adhering to the 'role' of [a court-appointed advisor]." But Father ignores the plain text of the court's order appointing the advisor. In that order, the court stated, "A Court-Appointed Advisor is specifically required by Rule 10.1(d)(5) to *submit a report* authorized by A.R.S. 25-406, and *may be called to testify* about the advisor's recommendations regarding the best interests of the children." (Emphasis added.)

¶12 We also note that the trial transcripts are not in the appellate record. An appellant must include the transcripts or other documents necessary to resolve the issues. ARCAP 11(b), (c); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). Because we do not have the trial transcripts, we must assume the missing record supports the superior court's findings. *See Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009). We thus conclude that Father has shown no error with the court-appointed advisor's reports or testimony.

¶13 Father also claims that the superior court judge "knowingly and intentionally refused to adhere to her oath of office, as well as her role and responsibility as a Judge with independence, integrity, and [impartiality]." The single sentence Father offers in support of the allegation that he "advised [the judge] of the wrongdoing of [the court-appointed advisor] and [the judge] refused to act" suggests that Father disagreed with the superior court's findings and judgment. But mere disagreement with a judge's ruling is not a basis for reversal on appeal. And Father's

4

unsupported conclusions about the superior court judge's integrity or impartiality are meritless.

¶14        Finally, Father makes a string of conclusory objections about the superior court's judgment. We address each in turn.

¶15        Father argues the judgment does not "abide[] by the rights of we the people." But the superior court explicitly considered Father's rights in its analysis. It "remain[ed] mindful of the fundamental rights of the parents" when considering the best interests of the children and only limited Father's parenting time after finding that "continuing contact with the children would endanger the children's physical, mental, moral or emotional health."

¶16        Father claims the "ruling violates . . . [Father's] right to live freely and [procreate]." But the order does not limit Father's ability to procreate, and Father does not explain how the order impermissibly restricts his freedom.

¶17        Finally, Father asserts that the decision fails to "comply with the [civil] rights movement." Father has referenced no evidence that the concerns of the civil rights movement are at issue. Father cites no case, statute, or constitutional provision to support his claim, nor does he identify the alleged noncompliance of the superior court's order with civil rights.

## CONCLUSION

¶18        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA