NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RUSSELL JOHNSON, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

AUTOZONE INC, *Respondent Employer,*

INDEMNITY INSURANCE CO. OF NORTH AMERICA,
*Respondent Carrier.*

No. 1 CA-IC 23-0003
FILED 10-31-2023

Special Action – Industrial Commission
ICA Claim No. 20212940067
Carrier Claim No. 000531-076117-WC-01
The Honorable Janet Weinstein, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Russell Johnson, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Slavin, P.C., Phoenix
By R. Todd Lundmark, David T. Lundmark
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

---

**C R U Z**, Judge:

¶1 Petitioner Russell Johnson challenges an award issued by the Industrial Commission of Arizona ("ICA") finding that his severe carpal tunnel syndrome and surgery for the same were not the result of an industrial accident. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 In September 2021, Johnson, an AutoZone employee, was unloading a pallet of items, including truck rotors, when he felt his hands pop and numbness and tingling in his fingers. Over the next several days, the numbness and tingling worsened, and Johnson was barely able to use his hands.

¶3 Dr. Ryan Odgers, an orthopedic and hand surgeon, began treating Johnson in November 2021. Dr. Odgers diagnosed Johnson with severe carpal tunnel syndrome and tendonitis of multiple fingers with underlying peripheral neuropathy (nerve damage). In February 2022, Dr. Odgers performed a carpal tunnel release on Johnson's left hand, and in June 2022, he performed the same surgery on Johnson's right hand.

¶4 Johnson filed a workers' compensation claim that was denied. He protested, and a hearing was set before an ICA administrative law judge ("ALJ"). Before the hearing, Dr. Peter J. Campbell, a hand surgeon, performed an independent medical examination of Johnson, and concluded

Johnson's severe bilateral carpal tunnel syndrome and his surgeries were unrelated to a work injury.

**¶5**        The ALJ heard testimony from Johnson, an AutoZone supervisor, and both doctors.  Dr. Odgers testified that Johnson's severe bilateral carpal tunnel syndrome had developed over a long period of time.  Dr. Odgers testified that although Johnson's lifting work on the day he unloaded the pallets may have temporarily aggravated his chronic carpal tunnel syndrome, his need for carpal tunnel release surgery could not be attributed to his work at AutoZone.  Dr. Campbell agreed with Dr. Odgers that Johnson's severe carpal tunnel syndrome had developed over a long period of time and his need for surgery was not attributable to his work at AutoZone.

**¶6**        The ALJ issued an award finding that Johnson had not proven, by a preponderance of the evidence, that he sustained a compensable industrial injury.  After an administrative review, the ALJ affirmed the award and Johnson filed this action.  We have jurisdiction of this statutory special action pursuant to Arizona Revised Statutes section 12-120.21(A)(2).

## DISCUSSION

**¶7**        The issue in this case is whether Johnson's injury arose out of his employment activities.  We will affirm an ICA award if it is reasonably supported by the evidence, viewed in the light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  We review legal conclusions, such as whether an injury arose out of employment, de novo.  *Ibarra v. Indus. Comm'n*, 245 Ariz. 171, 174, ¶ 12 (App. 2018).

**¶8**        As a preliminary matter, we note that Johnson's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13.  ARCAP 13(a)(4) requires a "statement of the case" containing appropriate references to the record.  ARCAP 13(a)(5) requires a "'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record."  ARCAP 13(a)(7) requires an argument section setting forth the appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies," and "the applicable standard of appellate review with citation to supporting legal authority."  This court may dismiss an appeal when the appellant fails to comply with

the rules. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342-43 (App. 1984). Johnson provides no citations to the record or to legal authority.

**¶9**  Even if we were to overlook the deficiencies of the opening brief, we find no error in the ALJ's award finding Johnson's injuries non-compensable. To prevail, Johnson was required to show that the condition for which he had surgery, carpal tunnel syndrome, was a work-related injury. *See Dunlap v. Indus. Comm'n*, 90 Ariz. 3, 6 (1961) ("there must be a causal connection between the employment and the injury"); *Turner v. Indus. Comm'n*, 251 Ariz. 483, 485, ¶ 8 (App. 2021) (to prove that an injury arose out of employment a claimant must show a causal connection between the employment and the injury). "To arise out of employment, the injury must result from some risk of the employment or be incidental to the discharge of employment duties." *Ibarra*, 245 Ariz. at 174, ¶ 15. "[R]isks inherent in the physical condition of the employee" are not compensable. *Turner*, 251 Ariz. at 485, ¶ 9 (citation and internal quotation marks omitted).

**¶10**  If the work connection to an injury is not apparent to a non-specialist, expert medical testimony is necessary to prove compensability. *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985). Here, both medical experts opined that Johnson's carpal tunnel syndrome and his need for carpal tunnel release surgery was not caused by his work unloading pallets at AutoZone in September 2021. If no conflict exists in the medical testimony, the ALJ is bound to accept it. *Crystal Bottled Waters v. Indus. Comm'n*, 174 Ariz. 184, 185 (App. 1993). Because Johnson failed to show his injury arose out of his employment, the ALJ did not err by finding his claim non-compensable.

## CONCLUSION

**¶11**  For the foregoing reasons, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4