NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

VAN FLURY, *Plaintiff/Appellant*,

*v.*

FRANK ORTIZ, et al., *Defendant/Appellee*.

No. 1 CA-CV 23-0243
FILED 2-29-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022-053038
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

---

COUNSEL

Van Flury, Sun City
*Plaintiff/Appellant*

Mushkatel Robbins & Becker PLLC, Phoenix
By Matthew A Gobbato
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

---

**M O R S E**, Judge:

¶1         Van Flury appeals from the superior court's ruling granting summary judgment to the David and Martha Ortiz family trust ("Ortiz"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         In July 2017, Flury signed a lease with Ortiz to rent a residential property in Glendale, Arizona.  The lease expired in 2018, but Flury remained a tenant on a month-to-month basis until December 2019, when Ortiz first provided notice to vacate the home.  In May 2021, after lengthy delays, including a stay while Flury resolved his bankruptcy case, Ortiz filed a contested eviction action in North Valley Justice Court.  Flury asserted numerous defenses, including challenging the justice court's jurisdiction.  The justice court sided with Ortiz and ordered Flury out of the residence.  Flury appealed to the superior court, which affirmed the justice court's eviction order.  Ortiz evicted Flury in June 2021.  Flury again challenged the eviction order in superior court.  In February 2022, the superior court rejected his claims.

¶3         In September 2022, Flury filed the underlying complaint for "Wrongful Residential Eviction."  Flury sought $25,000 in damages, contending improper service in the original eviction action and that the justice court lacked subject-matter jurisdiction.  Ortiz filed a motion for summary judgment, arguing claim preclusion bars Flury's claim and that he is not entitled to relitigate the previous suit.  At a February 2023 hearing on the motion, Flury contended that the justice court in the prior litigation lacked subject-matter jurisdiction and he could raise that issue at any time. In March 2023, the court granted the motion for summary judgment and dismissed Flury's complaint with prejudice.  Flury timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶4         We review a grant of summary judgment de novo.  *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  In doing so, we view the evidence and reasonable inferences "in the light most favorable to the party opposing the motion."  *Id.*  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).

¶5         This Court "prefer[s] to decide each case upon its merits rather than to dismiss summarily on procedural grounds."  *Adams v. Valley Nat'l*

*Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). But we also "have a responsibility to see that [litigants] conform to an acceptable, minimum level of competency and performance," *Evans v. Arthur*, 139 Ariz. 362, 364 (1984), and "there is a limit to which judicial leniency can be stretched," *Adams*, 139 Ariz. at 342; *see Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017) (noting that courts hold unrepresented litigants to the same standards as attorneys).

¶6 ARCAP 13 sets forth the requirements for an appellate brief. At a minimum, "[t]he brief must present arguments that explain an appellant's 'contentions concerning each issue presented for review' with supporting reasons, citations to legal authorities, and appropriate references to the record." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quoting ARCAP 13(a)(7)). "If we ignore a failure to comply with these elementary rules and tolerate unprofessional standards, it will be the clients, the public, the bar, and the courts which ultimately suffer." *Id.* at 523, ¶ 13 (cleaned up). Accordingly, when an appellant "fail[s] to provide a bona fide and reasonably intelligent effort to comply with Rule 13," the court may find that he has "waived any issues he may have wished to submit for this court's review." *Id.* at 522, ¶ 9.

¶7 The opening brief fails to comply with ARCAP 13. Flury presents two issues in his brief—the justice court did not have "personam jurisdiction" and there was no res judicata—but he fails to provide supporting reasoning or citations to legal authorities. And his only "references to the record" are from the earlier litigation. Flury has essentially thrown "the whole case 'into our laps' on the theory that somewhere therein is something, which made the final result in some way erroneous." *Adams*, 139 Ariz. at 342 (quoting *In re Hesse's Est.*, 65 Ariz. 169, 171 (1947)).

¶8 "We are not required to assume the duties of an advocate and search voluminous records and exhibits to substantiate an appellant's claims." *Id.* at 343. Flury has often litigated before this Court, appearing *in propria persona.*[1] We hold self-represented litigants "to the same familiarity with required procedures and the same notice of statutes and local rules as would be attributed to a qualified member of the bar," and Flury "is entitled to no more consideration than if he had been represented by counsel."

---

[1] Since 2006, Flury has unsuccessfully appealed or applied for special action with this Court on fifteen occasions. He has also unsuccessfully filed several motions for reconsideration and petitioned for review by the Arizona Supreme Court.

*Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983). Because Flury failed to make a bona fide and reasonably intelligent effort to comply with ARCAP 13, he has waived all appealable issues and effectively abandoned his appeal. *Ramos*, 252 Ariz. at 523, ¶ 11. Accordingly, we affirm the superior court's ruling granting summary judgment. *Id.[2]*

**¶9**        Ortiz requests attorney fees on appeal under A.R.S. § 12-341.01 and A.R.S. § 12-349(A)(1), (2), and (3). Section 12-349(A)(1) allows the Court to award attorney fees when an appeal is brought "without substantial justification," which means "that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F). "While groundlessness is determined objectively, bad faith is a subjective determination." *Takieh v. O'Meara*, 252 Ariz. 51, 61, ¶ 37 (App. 2021). "A claim is groundless 'if the proponent can present no rational argument based upon the evidence or law in support of that claim.'" *Id.* (quoting *Rogone v. Correia*, 236 Ariz. 43, 50, ¶ 22 (App. 2014)). These elements "must be proven by a preponderance of the evidence and 'the absence of even one element render[s] the statute inapplicable.'" *Reynolds v. Reynolds*, 231 Ariz. 313, 318, ¶ 16 (App. 2013) (quoting *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 301, ¶ 49 (App. 2011)).

**¶10**        Flury's appeal is groundless and not made in good faith. Flury has repeatedly litigated his claims over several years and at great expense to Ortiz. Flury now attempts to relitigate the same issues because he did not like the results in prior litigation. Flury's appeal in this case cannot be considered to have been brought in good faith. *See Standage v. Jaburg & Wilk, P.C.*, 177 Ariz. 221, 230 (App. 1993) (awarding attorney fees pursuant A.R.S. § 12-349 because appellant "failed to conduct formal discovery, make reasonable inquiry, or accept and be governed by previous decisions of this Court and the bankruptcy court that have already addressed the underlying issues of this appeal"). Therefore, we grant Ortiz's reasonable attorney fees upon compliance with ARCAP 21.

---

[2]        Even if we ignored the deficiencies in Flury's brief, we agree with the superior court that claim preclusion bars this suit. *See In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70, ¶ 14 (2006) (identifying the elements for claim preclusion as, "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits").

**CONCLUSION**

¶11        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA