NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NUI HUI, LP, *Plaintiff/Appellee*,

*v.*

KDL INVESTMENTS, LLC, *Defendant/Appellant*.

No. 1 CA-CV 23-0507
FILED 05-23-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-092684
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Anderson Clarkson Brown PLLC, Mesa
By Nat Clarkson
*Counsel for Plaintiff/Appellee*

Denton Peterson Dunn, PLLC, Mesa
By Brad A. Denton
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1          KDL Investments, LLC ("KDL") appeals the superior court's grant of summary judgment in favor of Nui Hui, LP ("Nui Hui"). We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Mary Ann Hearn manages two partnerships, Nui Hui and Makana L.P. ("Makana"). Both Nui Hui's and Makana's partnership agreements give Hearn the sole and exclusive right to manage the business and affairs of the partnerships. Hearn and her family use Makana to make donations to BYU Hawaii and Deseret Trust; Nui Hui benefits Hearn and her family members.

¶3          In 2017, Nui Hui loaned $1.25 million to Voila Mattress ("Voila"), memorialized by a security agreement and a promissory note (the "note"). The note and security agreement contained conflicting provisions on the loan's transferability; the note required consent from Voila before the loan could be transferred, but the security agreement allowed Nui Hui to assign the loan without restriction.

¶4          Nui Hui obtained three guaranties, each for a discrete portion of the loan, including one (the "Guaranty") from KDL. The Guaranty defines Nui Hui as "the Lender." And the Guaranty authorizes the Lender to assign the Guaranty in whole or in part without restriction.

¶5          Voila quickly defaulted on the loan, with the total principal due on the loan at $1.25 million. Under the terms of the Guaranty, KDL owes the Lender $375,000.

¶6          In 2018, Nui Hui met with BYU Hawaii to discuss a transfer of assets between Makana and Nui Hui (the "macroswap"), to ensure the assets Makana owns for the benefit of BYU Hawaii align with BYU Hawaii's goals. As part of the macroswap, Nui Hui assigned the Voila loan and the Guaranty to Makana pursuant to a purchase agreement. In exchange, Nui

Hui received an interest in a deed of trust and the deed's related payment stream. Nui Hui has not received payments from its interest in the deed of trust.

**¶7**         In 2020, noticing the discrepancy between the assignment provisions in the note and security agreement, Nui Hui and Makana entered into a "Rescission Agreement" to revert the note, security agreement, and guaranties to Nui Hui. Makana's limited partners, including BYU Hawaii, were made aware of the rescission and agreed with Hearn's managerial decisions.  Nui Hui assured BYU Hawaii that it would receive any proceeds generated from the claims against Voila, KDL, and the other guarantors.

**¶8**         Nui Hui then brought this action against Voila, KDL, and the other guarantors. KDL refused to fulfill its obligation under the Guaranty, insisting that Makana is the proper plaintiff because Nui Hui has no damages. KDL claimed that Hearn was attempting to double dip by giving her family the benefit of the transfer with Makana while leaving BYU Hawaii with nothing. KDL also moved to dismiss for lack of personal jurisdiction, overlooking clear language in the Guaranty consenting to jurisdiction in Arizona.

**¶9**         Frustrated by KDL's refusal to honor its obligation under the Guaranty, Nui Hui and Makana entered into a memorandum of agreement to reinforce the assignment of the Guaranty to Nui Hui and assure that all proceeds from the claims would go to Makana. Nui Hui moved for summary judgment. KDL responded and also moved for summary judgment.

**¶10**         The court granted summary judgment in favor of Nui Hui, finding that "regardless of whether the assignment and recission were a good deal or a terrible deal for Makana," Nui Hui is entitled to enforce the Guaranty against KDL. KDL timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11**         We review the superior court's grant of summary judgment *de novo*. *Urias v. PCS Health Sys., Inc.*, 211 Ariz. 81, 85, ¶ 20 (App. 2005). KDL argues the superior court erred in granting summary judgment for Nui Hui because Nui Hui has no damages under the Guaranty. Excising the context of the larger macroswap between Nui Hui and Makana, KDL asserts that assigning the Guaranty back to Nui Hui without transferring some equivalent consideration to Makana leaves Nui Hui with no recoverable

damages. KDL acknowledges that Nui Hui was free to assign its rights under the guaranty. But pointing to discrepancies in Nui Hui and Makana's accounting records, KDL proposes the rescission of that assignment was not "recognized as an actual event."

**¶12** KDL does not provide any legal authority to support its conclusion that Nui Hui has no damages. KDL insists these omissions are so obvious that case citations are unnecessary. Although the element of breach of contract damages is so well settled that a citation need not be required, *see Ong Hing v. Ariz. Harness Raceway, Inc.*, 10 Ariz. App. 380, 384 (1969), KDL's argument is not so simple: it hinges on the analysis of multiple contracts, vague accusations of fraud, and the mutual rescission of an assignment. KDL did not analyze any of these aspects of its argument with any relevant authority. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (we are not required to carry "the banner on behalf of the ill-advised appellant").

**¶13** Nui Hui assigned the note, security agreement, and guaranties to Makana in exchange for an interest in a deed and has not received payment from that interest. Makana then assigned the note, security agreement, and guaranties back to Nui Hui in exchange for a promise that Nui Hui would pay Makana any proceeds from subsequent claims against Voila and the guarantors, including KDL. Without legal authority guiding us differently, we have no reason to question the validity of these underlying transactions. And if the transactions are valid, then Nui Hui did incur damages under the Guaranty.

**¶14** KDL has violated ARCAP 13 because it does not cite to the applicable standard of review and its brief does not contain a statement of this Court's jurisdiction. ARCAP 13(a)(4), (7). Beyond that, KDL does not provide a single case that is useful to this Court in analyzing its arguments. ARCAP 13(a)(7). Based on these violations, we could have dismissed KDL's appeal as a sanction, but we prefer to resolve cases on their merit, not their procedural shortcomings. *See Adams*, 139 Ariz. at 342.

**¶15** The language in the Guaranty demands KDL fulfill its obligation to Nui Hui. KDL provides no authority which helps it escape this reality. We affirm the court's grant of summary judgment in favor of Nui Hui.

## ATTORNEY FEES AND COSTS ON APPEAL

**¶16** Nui Hui requests its reasonable attorney fees and costs on appeal pursuant to the "Attorneys' Fees" clause in the Guaranty and A.R.S.

§ 12-341.01. Nui Hui also asks this court to grant fees as a sanction pursuant to ARCAP 25 because the appeal is frivolous and merely meant to delay. We grant Nui Hui its reasonable attorney fees and costs pursuant to the Guaranty upon compliance with ARCAP 21, but we decline to award the same fees to Nui Hui as a sanction under ARCAP 25.

**CONCLUSION**

¶17         We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM