NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DIANA JUNE HENDERSHOT, *Petitioner/Appellee*,

*v.*

JOSEPH PATRICK WHYTE, *Respondent/Appellant*.

No. 1 CA-CV 25-1050 FC

FILED 06-29-2026

Appeal from the Superior Court in Maricopa County
Nos. FC2018-054263
FC2018-095360
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Charles A. Kellers, PLLC, Scottsdale, AZ
By Charles A. Kellers
*Counsel for Petitioner/Appellee*

Joseph Patrick Whyte, Howell, MI
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1 Joseph Patrick Whyte ("Father") appeals the superior court's vexatious litigant designation. Father has failed to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 in his opening brief and has therefore waived any legal issues he seeks to present for review. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Father and Diana Hendershot ("Mother") have one minor child in common. Following Mother's petition for paternity, legal decision-making, parenting time, and child support, the parties engaged in considerable litigation. In November 2023, the superior court designated Father as a vexatious litigant.

¶3 Father filed his notice of appeal in November 2025, in which he stated he was appealing "the [c]ourt's order designating him as a **vexatious litigant**." We stayed the appeal pending entry of a signed order corresponding to the minute entry designating him vexatious, which the superior court entered in February 2026. Because only the ministerial act of entering a signed order remained, Father's premature notice of appeal was deemed effective after entry of the signed order. *See Barassi v. Matison*, 130 Ariz. 418, 422 (1981); *see also Engel v. Landman*, 221 Ariz. 504, 508, ¶ 11 (App. 2009) (holding that a premature notice of appeal need not be dismissed when "only ministerial tasks remained to accomplish the entry of a final judgment"); ARCAP 9(c) ("A notice of appeal . . . filed after the superior court announces an order or other form of decision—but before entry of the resulting judgment that will be appealable—is treated as filed on the date of, and after the entry of, the judgment."). We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

**DISCUSSION**

**¶4** "An appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'" *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (citing *In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013)). Although we prefer to decide cases on the merits rather than dismiss on procedural grounds, "there is a limit to which judicial leniency can be stretched." *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). And we hold unrepresented litigants to the same standards as attorneys. *Ramos*, 252 Ariz. at 522, ¶ 8.

**¶5** We consider only those issues properly designated and timely brought in the notice of appeal. *See* ARCAP 8(c)(3) (requiring appellant to designate the judgment they are appealing from); *Premier Fin. Servs. v. Citibank*, 185 Ariz. 80, 87 (App. 1995) (holding that we do not have jurisdiction to review rulings not contained in the notice of appeal). Father's notice of appeal indicates he is appealing his vexatious litigant designation, but his opening brief fails to include any argument on this issue. *See* ARCAP 13(a)(7) (requiring briefs to contain "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"). Instead, his opening brief argues only that the superior court committed legal error by failing to (1) make required findings, (2) provide him with a meaningful opportunity to be heard, and (3) consider relevant material and evidence in "post-decree proceedings in the Maricopa County Superior Court involving disputes related to financial disclosure, discovery, and court rulings affecting Respondent/Appellant's rights and obligations." Father provides no reasoning beyond general assertions of error or misconduct for any of his contentions. And instead of supplying the required references to the record, Father simply states, "you guys can review the record I dont give a shit anymore [sic]." Accordingly, he has waived his arguments. *See Ramos*, 252 Ariz. at 522, ¶ 9.

**¶6** Mother requests attorneys' fees pursuant to A.R.S. § 25-324. After considering the reasonableness of the parties' positions and their respective financial resources, we award Mother her reasonable attorneys' fees and costs upon compliance with ARCAP 21.

**CONCLUSION**

¶7 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR